

June 30, 2020

**VIA ECF**

Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11A
New York, New York 10007

**Re:** *Athena Art Finance Corp. v. that Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982, In Rem; Interested Party Satfinance Investment Limited*, **Case No. 20-cv-4669(GBD)**

Dear Judge Daniels,

We write on behalf of Interested Party Satfinance Investment Limited ("Satfinance"), with the consent of Plaintiff and Interested Party Delahunty Ltd. ("Delahunty"), under the Court's Individual Rule II.A and Rule 13 of Southern District of New York Rules for the Division of Business Among District Judges to supplement the June 18, 2020, Related Case Statement. This case arises out of a common core nucleus of operative facts, and involves an identity of parties, as two other matters (the "Related Matters") with lower docket numbers assigned to Judge Katherine Polk Failla. Assignment of these three related matters to a single judge will avoid unnecessary duplication of effort, expense, and burden on the Court and the parties alike. For these reasons, Satfinance, Plaintiff, and Delahunty respectfully request that the Court transfer this matter to Judge Failla so that the matters may be coordinated.

This case, like the two Related Matters, arises out of a fraudulent scheme perpetrated by Inigo Philbrick, an art dealer specializing in post-war and contemporary fine art, who recently was arrested and charged in this Court with engaging in a multi-year scheme to defraud various individuals and entities in order to finance his art business. *See United States v. Philbrick*, Case No. 20-mj-4507 (S.D.N.Y.) (Dkt. No. 1) (charging Philbrick with making "material misrepresentations to various investors and to the Art Finance Company regarding certain artworks," including "a 1982 painting by the artist Jean-Michel Basquiat titled 'Humidity'"). A number of civil lawsuits and related proceedings have been filed as a result of Philbrick's scheme, including this case and the two earlier-filed Related Matters.

In addition to the miscellaneous action that Satfinance commenced seeking discovery of Plaintiff relating to the very same facts and legal questions at issue in this lawsuit, *see In re Satfinance Investment Limited*, Case No. 19-mc-0550(KPF), another matter is pending in this Court before Judge Failla arising out of Philbrick's fraudulent scheme. *See V&A Collection LLC v. Guzzini Properties, Ltd.*, Case No. 20-cv-01797(KPF). In that case, as here, art collectors claim that Philbrick stole an artwork and unlawfully sought to transfer the work to a third party. Although the parties and work at issue in that case are different (by chance, counsel for the parties

there are the same as counsel for Plaintiff and Satfinance here), the underlying facts and legal issues in that matter arise from a common nucleus of operative facts, whereby Philbrick repeatedly perpetrated the same scheme against multiple victims. In that case, the parties have appeared twice in front of Judge Failla, the parties have appeared twice in front of Judge Failla, including in connection with Plaintiff's order to show cause seeking expedited discovery, and that discovery process is now underway.

Under such circumstances, where "the actions concern the same or substantially similar parties, property, transactions or events," and there is "significant factual overlap," Rule 13 counsels in favor of transfer to achieve the "benefits" of "avoiding unnecessary duplication of effort, expense and burden on the Court and parties through the assignment of related matters to a single judge." *See United States v. Vilar*, No. 05 CR. 621 (RJS), 2013 WL 12219248, at *2 (S.D.N.Y. Nov. 19, 2013) (transfer between judges was appropriate where there was "a congruence of parties [and] witnesses between the two cases" and "their consolidation and coordination before one judge will serve the interests of justice and efficiency") (internal citations omitted); *Petito v. Puritan's Pride, Inc.*, 35 F. Supp. 3d 494, 502 (S.D.N.Y. 2014) (related cases reassigned to judge with lowest docket number where parties jointly requested reassignment in order to avoid unnecessary duplication of judicial effort and where several parties and attorneys of record overlapped).

For these reasons, the parties respectfully request that this case be transferred to Judge Failla, to whom the two Related Matters already have been assigned.

Respectfully submitted,

*Judd Grossman*

Judd B. Grossman

cc: All Counsel of Record (via ECF)