UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
ATHENA ART FINANCE CORP.,

                              Plaintiff,                      Case No. 20-cv-4669

    -against-

that

CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT    **Affirmation of Wendy J.**
ENTITLED HUMIDITY, 1982, *In Rem*,                      **Lindstrom in Support of OTSC**

                              Defendant,

SATFINANCE INVESTMENT LIMITED and
DELAHUNTY LIMITED d/b/a DELAHUNTY FINE ART,

                              Interested Parties.
-----------------------------------------------------------------------------X

    I, Wendy J. Lindstrom, an attorney duly admitted to practice before the courts of the State of New York, affirm under penalty of perjury as follows:

    1.    I am an attorney with the firm Mazzola Lindstrom, LLP, counsel for plaintiff Athena Art Finance Corp. ("Athena"), and am familiar with the facts set forth herein based upon my review of the file maintained for the prosecution of this action. In support of this motion, I annex the following exhibits:

| | |
|---|---|
| Exhibit "A" | NYS Supreme Court summons with notice, dated June 2, 2020; |
| Exhibit "B" | NYS Supreme Court verified complaint, dated June 11, 2020; |
| Exhibit "C" | $14,306,800.47 default judgment, dated March 2, 2020, in favor of plaintiff Athena, *Athena Art Finance Corp. v. 18 Boxwood Green Limited, et al.*, NY County Index No. 657322/19 (with notice of entry dated March 10, 2020); |
| Exhibit "D" | Loan and Security Agreement ("LSA") dated March 31, 2017; |
| Exhibit "E" | District of Columbia UCC-1 Statement against 18 Boxwood Green; |
| Exhibit "F" | Schedule A to Seventh Amendment to Loan and Security Agreement dated November 30, 2018; |
| Exhibit "G" | Affidavit of Cynthia E. Sachs, Chief Investment Officer of Athena Fine Art Corp., dated June 16, 2020; |
| Exhibit "H" | (1) Transmittal email showing transmission on July 23, 2020 of this proposed order to show cause, with supporting papers and exhibits, to counsel in advance of presentation to the court and (2) transmittal email showing transmission on June 17, 2020 of an order to show cause seeking identical relief in state court prior to removal of this action. |

1

2. This is an *in rem* action, requesting an order that Athena be permitted to sell – publicly or privately, at its discretion – that Certain Artwork by Jean-Michel Basquiat entitled Humidity, 1982, *in rem* defendant, ("the Basquiat"), as provided in the controlling Loan and Security Agreement described below.

3. This application is made by order to show cause because (a) Athena seeks an immediate order declaring that it may sell the Basquiat at public or private sale; (b) it is expected that interested parties Satfinance Investment Limited and Delahunty Limited will seek to enjoin such sale, and therefore there should be an immediate hearing, in the event an injunction is to be considered, to require that Satfinance and Delahunty post a bond, pursuant to Rule 65;[1] and (c) there is no practical alternative means by which judgment debtor Inigo Philbrick could be noticed of this proceeding as he is currently in federal custody.

4. In advance of the submission of this order to show cause to the court, a courtesy copy will have been forwarded via email to the attorneys for interested parties Satfinance and Delahunty, and the transmittal email provided as an exhibit. Additionally, these papers will have been forwarded via Federal Express to judgment debtor Philbrick (in his personal capacity and as principal of Inigo Philbrick Ltd. and 18 Boxwood Green Ltd.) c/o Warden M. Licon-Vitale, Metropolitan Correction Center, 150 Park Row, New York, New York 10007.

5. On March 31, 2017, Athena entered into the LSA, pursuant to which it extended a loan commitment to 18 Boxwood Green Limited in the amount of $10 million, collateralized with

---

[1] Federal Rule of Civil Procedure 65(c) provides: "The court may issue a preliminary injunction or a temporary restraining order ***only if the movant gives security*** in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security." (Emphasis added).

certain artworks and guaranteed by Inigo Philbrick Limited and guaranteed personally by Inigo Philbrick. (**Exhibit D**).

6. Also on March 31, 2017, Athena filed a UCC-1 statement in the District of Columbia against "all assets of [Boxwood] and all proceeds thereof." (**Exhibit E**). Athena filed in the District of Columbia because of Boxwood's status as a foreign borrower incorporated under the laws of Jersey.

7. On April 7, 2017, pursuant to Section 3.4 of the LSA, the Basquiat was added to the pool of loan collateral.

8. On May 28, 2018, the loan commitment was increased by $3.5 million permitting a total principal amount of up to $13.5 million.

9. On November 30, 2018, the Seventh Amendment and final amendment to the LSA was executed, assigning the Basquiat a value as of that date of $19 million. (**Exhibit F**).

10. As set forth in the accompanying verified complaint, Boxwood defaulted on the loan, and therefore Athena brought an action against it, as well as corporate guarantor Inigo Philbrick Limited, and individual guarantor Inigo Philbrick (collectively referred to herein as the "Loan Obligors"). Having failed to appear and answer, a default judgment was ultimately entered against the Loan Obligors for $14,306,800.47.

11. Under the LSA, in the event of a default, Athena has the absolute right, unilaterally, to sell the collateral at public or private sale. As the loan is indeed in default, as demonstrated rather conclusively by the judgment annexed hereto (**Exhibit C**), Athena thus has the right to sell the Basquiat.

12. This order to show cause is presented, as was the summons with notice, and verified complaint, because Satfinance and Delahunty have asserted purported claims to the Basquiat.

13. Athena denies the claims raised by Satfinance and Delahunty and, in the event they, or anyone else, may come forward and seek to enjoin the sale, any such injunction must be predicated upon that person or entity's posting of a bond sufficient to guarantee that, should the court determine that any such injunction or restraint on the sale was wrongly issued, Athena may be fully compensated for the loss or harm caused as a result of the injunction or restraining order.

14. Satfinance had previously obtained an order from a London court on November 1, 2019 – in the nature of a TRO – barring the sale of the Basquiat.[2] The London court, however, dismissed all claims against Athena on May 26, 2020, and thereafter vacated the injunction on June 2, 2020. Athena's summons with notice herein was filed immediately thereafter.

15. During the period that Athena was subject to a stay by the London court, it was harmed because the debt owed by the Loan Obligors has increased by some $800,000, at a rate of over $150,000 per month, exclusive of attorneys' fees, storage fees, insurance and other lender expenses being incurred.

16. But for Satfinance's wrongful injunction, Athena, as a secured lender, would have already foreclosed upon the collateral after the loan went into default and sold the painting in a stronger (pre-pandemic) market. Alternatively, Athena could have sought judicial intervention and any purported third-parties' claims could have been resolved or adjudicated pre-pandemic. Under

---

[2] Delahunty was added as a party to the London proceeding by an order dated May 19, 2020, according to the recital paragraphs of the judgment of Chief Master Marsh dated May 26, 2020.

either circumstance, Athena was forced to bear risk for a longer period than necessary by reason of Satfinance's wrongful injunction.

17. Accordingly, it is submitted that there can be no good-faith basis to oppose the immediate sale of the Basquiat, and it is respectfully requested that this court authorize such sale to proceed immediately, whether by public or private sale, at the discretion of Athena.

18. An application for the relief sought herein was filed but never adjudicated because the state court case was removed. Specifically, on June 17, 2020, Plaintiff filed an Order to Show Cause seeking identical relief in the Supreme Court, New York County. (**Exhibit H-2.**) On June 18, 2020, interested party, Satfinance removed that action to this Court

WHEREFORE, it is respectfully requested that the relief set forth in the accompanying order to show cause be granted.

Dated: New York, New York
      July 23, 2020                    Respectfully submitted,
                                        MAZZOLA LINDSTROM, LLP

By: */Wendy J. Lindstrom/*
Wendy J. Lindstrom
Counsel for plaintiff Athena Art Finance Corp.
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
D: 646.216.8440
M: 516.680.2889
wendy@mazzolalindstrom.com