UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATHENA ART FINANCE CORP., <br><br> *Plaintiff*, <br><br> -against- <br><br> that CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *In Rem*, <br><br> *Defendant*, <br><br> SATFINANCE INVESTMENT LIMITED, <br><br> *Interested Party*. | Case No. 20-cv-4669(GBD) <br><br> Hon. George B. Daniels |

**ANSWER OF SATFINANCE INVESTMENT LIMITED**

Interested Party and Intervenor-Plaintiff Satfinance Investment Limited ("SIL") hereby responds under Rule 8 of the Federal Rules of Civil Procedure to the claims asserted by Plaintiff Athena Art Finance Corp. ("Athena") in its Complaint. SIL denies each and every allegation of the Complaint not expressly and specifically admitted below.

**Nature of Claim**

1. SIL admits that this action involves a painting known as *Humidity*, 1982 by Jean-Michel Basquiat, acrylic, oilstick, and Xerox collage on canvas, 243.8 x 182.9 cm (96 x 72 in) (the "Painting").

2. To the extent that portions of Paragraph 2 set forth conclusions of law, not allegations of fact, no response is required; to the extent a response is required, SIL is without sufficient knowledge to admit or deny the allegations in Paragraph 2, and therefore denies those allegations.

3. SIL denies that the Painting is collateral for any loan. SIL is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 3 and therefore denies those allegations.

4. SIL is without sufficient knowledge to admit or deny the allegations in Paragraph 4 and therefore denies those allegations.

5. SIL denies the allegations in Paragraph 5.

6. SIL denies the allegations in Paragraph 6.

**Procedural History and Record**

7. SIL is without sufficient knowledge to admit or deny the allegations in Paragraph 7 and therefore denies those allegations.

8. SIL is without sufficient knowledge to admit or deny the allegations in Paragraph 8 and therefore denies those allegations.

9. SIL is without sufficient knowledge to admit or deny the allegations in Paragraph 9 and therefore denies those allegations.

10. SIL is without sufficient knowledge to admit or deny the allegations in Paragraph 10 and therefore denies those allegations.

11. SIL denies that the Painting is collateral for any loan. SIL is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 11 and therefore denies those allegations.

12. SIL is without sufficient knowledge to admit or deny the allegations in Paragraph 12 and therefore denies those allegations.

13. SIL is without sufficient knowledge to admit or deny the allegations in Paragraph 13 and therefore denies those allegations.

14. SIL is without sufficient knowledge to admit or deny the allegations in Paragraph 14 and therefore denies those allegations.

15. SIL is without sufficient knowledge to admit or deny the allegations in Paragraph 15 and therefore denies those allegations.

### Third Parties' Purported Claims

16. SIL admits that on October 18, 2019, it notified Athena that it owned the Painting and demanded, among other things, that Athena "not take any steps to purport to sell, transfer, pledge, mortgage, dissipate or in any way deal with the [Painting] without giving [SIL] fourteen day's notice in writing[.]"  SIL admits that on October 30, 2019, SIL commenced an action against Inigo Philbrick ("Philbrick"), Inigo Philbrick Limited ("IPL"), 18 Boxwood Green Limited ("Boxwood") and Athena in London, England, seeking a declaration of SIL's legal and beneficial title to the Painting and an injunction restraining Philbrick, IPL, Boxwood and Athena from selling, pledging or otherwise dealing with or disposing of the Painting.  *See Satfinance Investment Ltd. v. Philbrick, et al.*, [2019] EWHC 1998 (the "English Proceedings").  SIL admits that the English Court granted SIL injunctive relief, and that on June 2, 2020, the English Court determined that Athena does not fall under the jurisdiction of the English courts.  SIL admits that Athena thereafter filed this action in New York State Supreme Court.

17. SIL admits that Delahunty Fine Art Limited was joined to the English Proceedings.  SIL is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 17 and therefore denies those allegations.

### Prayer for Relief

18. SIL repeats and realleges its response to each and every allegation of the preceding paragraphs as though fully set forth herein.

19. SIL denies the allegations in Paragraph 19.

## AFFIRMATIVE DEFENSES

SIL alleges and asserts the following affirmative defenses in response to Athena's allegations. By pleading the defenses set forth below, SIL does not admit that it bears the burden of proof on any of them, and reserves all rights with respect to allocation of the burden of proof under the applicable law.

## FIRST AFFIRMATIVE DEFENSE

Athena has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Athena is barred in whole or in part from maintaining this action and recovering any damages or obtaining any equitable relief under the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Athena's claims are barred by its contributory and/or comparative negligence and/or its own conduct in that it failed to conduct the proper due diligence prior to accepting the Painting as collateral for the Loan and Security Agreement, and in that it took and maintains possession of the Painting despite the presence of numerous red flags.

## FOURTH AFFIRMATIVE DEFENSE

SIL has at all times acted in good faith and with reasonable grounds for believing that its conduct was not wrongful, tortious or unlawful. Any damages sustained by Athena were caused wholly or in part by the acts and omissions of Athena itself, or by the acts and omissions of other third parties, all of which acts and omissions were beyond SIL's control. Even if Athena's claims are not completely barred as a result, any damages allegedly suffered must be reduced as

a result of the consequences of such conduct.  SIL expressly reserves the right to assert third-party claims against others claiming an interest in the Painting in opposition to Athena's claims.

### FIFTH AFFIRMATIVE DEFENSE

Athena may not maintain its claims in this Court in light of the earlier-filed English Proceedings.  On June 2, 2020, the English Court determined that Athena does not fall under the jurisdiction of the English courts.  SIL is seeking to appeal that decision and expressly reserves the right to object to this Court's jurisdiction in favor of the earlier-filed English Proceedings should SIL prevail on appeal.

### OTHER DEFENSES RESERVED

SIL asserts the above affirmative defenses based upon an investigation that is not yet complete and without the benefit of discovery.  SIL reserves the right to assert all affirmative and other defenses at law or in equity that may become known in the future.

Dated: July 30, 2020
      New York, New York

**GROSSMAN LLP**

By: /s/ Judd Grossman
    Judd B. Grossman, Esq.
    Lindsay E. Hogan, Esq.
    Sarah E. Schuster, Esq.
    745 Fifth Avenue, 5th Floor
    New York, New York 10151

-and-

**HUGHES HUBBARD & REED LLP**
Derek J.T. Adler, Esq.
Webster D. McBride, Esq.
One Battery Park Plaza, 12th Floor
New York, New York 10004

*Attorneys for Interested Party and Intervenor-Plaintiff Satfinance Investment Limited*

5