UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATHENA ART FINANCE CORP., <br><br>               *Plaintiff*, <br><br>     -against- <br>that <br><br>CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *in Rem*, <br><br>               *Defendants,* <br><br>SATFINANCE INVESTMENT LIMITED and DELAHUNTY LIMITED d/b/a DELAHUNTY FINE ART, <br><br>             *Interested Parties*. | Case No. 20-cv-4669(GBD) <br><br> Hon. George B. Daniels, USDJ <br><br> **Jury Demanded** |
| SATFINANCE INVESTMENT LIMITED <br>           *Intervenor-Plaintiff*, <br><br>     -against- <br><br>ATHENA ART FINANCE CORP. and that CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *In Rem*, <br><br>           *Intervenor-Defendants.* | |

**Athena's Answer to Satfinance's Complaint-in-Intervention**

Plaintiff Athena Art Finance Corp. ("Athena"), by and through its attorneys Mazzola Lindstrom, LLP, responds to the claims asserted by Satfinance Investment Limited ("SIL") in its July 30, 2020 complaint-in-intervention. Athena denies each and every allegation of the SIL complaint-in-intervention not expressly and specifically admitted below.

1

**Preliminary Statement**

SIL does not have title to "Humidity" by Jean-Michel Basquiat (the "Painting"), and never has. SIL's false claim to ownership is based on <u>undisputedly</u> fraudulent documents. And this case is brought for an improper purpose, just like the case that SIL brought and lost against Athena in London (and for which it was ordered to pay over $200,000 in legal fees).[1]

In all key respects, this case is even *weaker* than the London case. SIL now alleges that it has "full title" to the Painting based on a set of outlandish documents – starting with the claim that it jointly purchased the Painting with Inigo Philbrick personally (not his eponymous gallery business) for $18.4 million pursuant to a *homemade* "Bill of Sale" that identified the "Seller" of this important and valuable artwork as "SKH Management Corp.," a local grocery and garden center in Amish country, Pennsylvania[2] that listed 1875 Lexington Avenue in Manhattan as its address (which, in fact, is home to the "Healthy Harlem RX Pharmacy" (according to Google maps)).[3] Even SIL recognized this absurdity, so Philbrick sent along a *replacement* "Agreement of Sale" for the same Basquiat, for the same $18.4 million on the same day – but this time, the "Seller's" address was changed from the Harlem pharmacy to a new address in Lititz, Pennsylvania (again, according to Google maps).

---

[1] The judgment dated June 2, 2020 from the High Court of Justice, Business and Property Courts of England and Wales, dismissed the action against Athena and awarded fees to Athena in the action captioned *Satfinance Investments Limited v. (1) Inigo Philbrick (2) Inigo Philbrick Limited (3) 18 Boxwood Green Limited (4) Athena Art Finance Corp.*, BL-2019-001998.

[2] According to SIL, it has believed for years that Philbrick purchased the Painting from SKH Management Corp, which most assuredly is not located in Harlem. https://www.skh.com/ SIL does not even try to explain why it uncritically accepted the improbable provenance of an $18.4 million Basquiat that it claims to have purchased from a rural grocery store.

[3] https://www.google.com/maps/place/1875+Lexington+Ave,+New+York,+NY+10035/@40.7989802,-73.9413884,3a,75y,94.3h,90t/data=!3m6!1e1!3m4!1sp5ZJZDTupzSdrJwkwVNJgw!2e0!7i16384!8i8192!4m5!3m4!1s0x89c2f608a5f467f9:0xab3cce3946247b57!8m2!3d40.7989627!4d-73.9411959

The "agreement" that SIL has told the court memorializes its shared "ownership" of the Basquiat also makes no sense. SIL invents something called a "spirit of [] partnership" whereby it pretends to have received "full title" to the Painting for only "50% of the purchase price." (And again, the $18.4 million was supposedly paid to a food purveyor that somehow was in possession of a rare 1982 Basquiat at a pharmacy in Harlem or rural Pennsylvania.) None of this, of course, is disclosed in the complaint-in-intervention.

The reality: Philbrick, and SIL's advisor and agent Aleksander Pesko, and their respective families and companions in Italy, London and elsewhere, share a long recreational history. However tabloid-worthy, their social and business relationships did not involve the acquisition of this Painting. That is why SIL *never* once had possession, custody or control of the Painting, *never* registered its purported interest in a public registry like The Companies House in the UK or the Art Loss Register, and *never* conducted any due diligence whatsoever. In fact, SIL never presented itself to anyone until *after* Philbrick stopped making interest payments to Athena and fled to the South Pacific.

By contrast, Athena is a highly disciplined institutional lender. Athena is not an "investor" and does not make investments or acquire equity interests in artworks. The criminal complaint against the now-indicted Philbrick appropriately recognizes Athena as the "Art Finance Company."[4] Here, Athena made a loan pursuant to the terms of a professionally-underwritten and fully-documented financing transaction.[5] Pursuant to the loan terms, Athena has *always* had possession, custody and control of the Painting, as it does today, and as it did

---

[4] SDNY Docket No. 20-cr-351.

[5] SIL's claim that it made a "loan" to Philbrick for $3 million is belied by the fact that he did not memorialize the "loan" by taking a promissory note or any other steps whatsoever to perfect its alleged security interest.

when Athena loaned the Painting for an exhibition in Japan and when it was returned to Athena in New York. Athena conducted extensive due diligence, obtained proof that IPL had made actual payments to Phillips Auctioneers LLC, the real seller, for the actual purchase price of $12,500,000 in accordance with the *bona fide* Phillips Private Sale Agreement, disbursed loan proceeds in relation to the Painting which served as loan collateral, and recorded its interest as a secured lender (UCC-1 Financing Statement), thereby obtaining a valid perfected security interest in the Painting.

Today, Athena is also a *judgment creditor* by virtue of a prior action captioned *Athena Art Finance Corp. v. 18 Boxwood Green, et al*, Index No. 657322/2019. As a secured lender, Athena has the immediate right to sell the Painting (its collateral) pursuant to UCC Section 9-610 *et seq*. Athena filed this *in rem* action, inviting any interested parties to appear, and brought an order to show cause to receive the court's imprimatur to sell the Painting. As Athena's application explains, neither SIL nor Delahunty even purport to have purchased the Painting with the intent to own or keep it.

Given Athena's superior rights as a secured lender with a first priority lien, as a matter of settled law and in accordance with the terms of the loan and security agreement, Athena is entitled to sell the Painting, and receive the first right of repayment for all accrued and unpaid principal, interest, fees and expenses of which it is rightfully owed.

### Athena's Responses to the Numbered Paragraphs

1.      Athena admits that this action arises out of a dispute involving a painting entitled Humidity by world-renowned artist Jean-Michel Basquiat.

2. Athena denies that SIL owns any interest or title in and to the Painting. Athena is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2.

3. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 3.

4. Athena denies the allegations in Paragraph 4.

5. Athena admits that a Jersey entity owned by Inigo Philbrick and controlled by an independent board of directors owns the painting and pledged it as collateral to Athena, and notes further that such entity was created in 2015, long before Athena knew Philbrick. Athena denies that Philbrick stole the Painting from SIL, denies that the transfer was a "sham transaction," and denies the gratuitous allegation that Athena was "at the time a struggling art-financing company."

6. Athena denies that SIL owns Humidity. Athena is without sufficient knowledge or information to admit or deny the allegation that SIL owns any other works of art connected to his close, ongoing relationship with Philbrick. Athena admits that Philbrick has been arrested and indicted on federal charges of wire fraud and aggravated identity theft. In fact, Athena is the "Art Finance Company" referenced in the criminal complaint.

7. Athena denies the allegation that SIL owns Humidity and the characterizations of this action in Paragraph 7.

8. Athena denies the allegations in Paragraph 8. Nowhere does the criminal complaint allege that Athena was an enabler of Philbrick's fraud. To the contrary, the criminal complaint recognizes that Philbrick's crimes were perpetrated against Athena. As ¶5(c) of the

criminal complaint states "In or about 2017, at the encouragement of the Art Finance Company, Philbrick assumed control of a Jersey based corporate vehicle ("Philbrick Entity-2") for the purpose of holding title to certain art assets that would be used as collateral on loans." The government does not allege that Philbrick's assumption of control over a corporate vehicle was improper or done to "effectuate the sham transfer of SIL's painting." The entity was in fact created by Philbrick in 2015, before Athena ever knew Philbrick. Furthermore, corporate vehicles are commonly used in secured lending transactions.

9. Athena denies the allegations in Paragraph 9. Athena conducted extensive due diligence for this loan, and did in fact verify that IPL had sufficient funds in its bank account, and that it fully paid for and therefore had full title to and ownership of the Painting.

10. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10, and Athena denies that it was aware that other lenders had previously declined to extend credit to Philbrick, and denies the relevance of such allegations, as each loan request must be evaluated on its own merits.

11. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11, but notes the irony of SIL's reliance on Philbrick's statements after his indictment for fraud.

12. Athena denies the allegations in Paragraph 12.

13. Athena denies the allegations in Paragraph 13.

14. Athena denies that SIL is the "rightful owner" of Humidity, but admits that SIL is seeking the relief stated in Paragraph 14.

15. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15, and notes that SIL is itself an offshore company.

16. Athena admits the allegations in Paragraph 16.

17. Athena respectfully refers all issues as to the sustainability of diversity jurisdiction to the court.

18. Athena admits that its principal place of business is in this district.

19. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19.

20. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20.

21. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21.

22. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22.

23. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23.

24. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24.

25. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25.

26. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26.

27. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27.

28. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28.

29. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29.

30. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30.

31. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 31, although Athena notes that $12.2 million was not the "full purchase price," according to SIL's own allegations.

32. Athena denies the allegations in Paragraph 32, and specifically denies that SIL acquired full title to Humidity at any time.

33. Athena admits those portions of Paragraph 33 which quote the criminal complaint verbatim, to the extent that Athena admits that criminal complaint is accurately quoted. However, Athena is without sufficient knowledge or information to admit or deny the substantive allegations in Paragraph 33.

34. Athena admits that Philbrick did not purchase Humidity from SKH for $18.4 million and admits that IPL purchased Humidity from the Phillips auction house for $12.5

million under a private-sale agreement. Athena is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 34.

35. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 35.

36. Athena denies that Philbrick stole Humidity from SIL and denies that SIL had a right to take possession of Humidity. Athena refers all questions as to SIL's alleged ownership to the court, and is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 36.

37. Paragraph 37 does not contain allegations of material fact, so no response is required.

38. Paragraph 38 does not contain allegations of material fact, so no response is required.

39. To the extent Paragraph 39 does not contain allegations of fact, no response is required. As to the allegations concerning a prior loan application by Philbrick, Athena is without sufficient knowledge or information to admit or deny such allegations.

40. Athena denies the allegations in Paragraph 40, and notes that it conducted extensive due diligence when it accepted the Painting as loan collateral and did in fact verify that IPL had paid for and owned the Painting.

41. Athena denies the allegations in Paragraph 41, and refers to the court all questions of law therein.

42. Athena denies the allegations in Paragraph 42, except that Athena is without sufficient knowledge or information to admit or deny allegations as to personal communications between Pesko and Philbrick and others.

43. Athena admits that Philbrick was the sole beneficial shareholder of a Jersey entity, but states that it was controlled by independent directors, and notes that special purpose vehicles are commonly used in asset-based lending. Indeed, to imply that the use of an SPV is unusual, or by itself raises any specter of fraud, demonstrates SIL's lack of sophistication in asset-based finance. Athena denies all remaining allegations in Paragraph 43.

44. Athena denies the allegations in Paragraph 44.

45. Athena denies the allegations in Paragraph 45.

46. Athena denies the allegations in Paragraph 46.

47. To the extent Paragraph 47 contains a hypothetical statement, no response is required. Athena denies the remaining allegations in Paragraph 47.

48. Athena denies the allegations in Paragraph 48.

49. Athena admits the allegations in Paragraph 49.

50. Athena denies the allegations in Paragraph 50, and notes that the provenance lists "Private Collection, England" (where Philbrick both lived and worked) not "English Collector."

51. Athena denies the allegations in Paragraph 51.

52. Athena admits that it provided draft transaction documents but denies the allegations in Paragraph 52 to the extent that it alleges that Athena did so for the purpose of facilitating a sham transfer.

53. Athena admits that the transfer of title from IPL to Boxwood occurred on April 7, 2017 and denies the remaining characterizations in Paragraph 53.

54. Athena denies the allegations in Paragraph 54.

55. Athena denies the allegations in Paragraph 55.

56. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 56.

57. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 57.

58. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 58.

59. Athena denies that SIL owns Humidity but admits that Paragraph 59 accurately quotes from a self-serving communication sent to Athena by SIL.

60. Athena denies all allegations of wrongdoing set forth in Paragraph 60, and admits that it properly instructed the exhibitor to return Humidity to Athena.

61. Athena denies all allegations of wrongdoing set forth in Paragraph 61, and Athena properly maintains exclusive possession, custody and control of the Painting.

62. Athena admits the allegations in Paragraph 62.

63. Athena admits the allegations in Paragraph 63 upon information and belief.

64. Athena denies that Humidity is SIL's stolen painting, but admits the remaining allegations in Paragraph 64.

65. Athena admits that in connection with the English proceeding, Delahunty alleges that it acquired a 12.5% beneficial interest in the Painting from IPL on or about November 1, 2016, but Athena denies Delahunty's allegation. As to Footnote 2, Athena is without sufficient knowledge or information to admit or deny SIL's characterization of Delahunty's claims and respectfully refers all questions of law raised therein to the court.

66. Athena admits the allegations in Paragraph 66, but notes that such order was subsequently vacated by the English court and Athena was awarded costs as a result of SIL's wrongfully-obtained injunction.

67. Athena admits the allegation in Paragraph 67 that an English court issued an order purporting to allow for the inspection of Humidity, but notes that the order was vacated when the court dismissed SIL's action outright, and awarded judgment in Athena's favor.

68. Athena admits the allegation in Paragraph 68 and notes its connection to Paragraphs 66 and 67. As to footnote 3, Athena admits that SIL applied for leave to appeal the English court's decision. Athena respectfully refers all remaining issues of law raised in footnote 3 to the court.

69. Athena admits the allegations in Paragraph 69.

70. Athena admits the allegations in Paragraph 70, but denies that Humidity is "SIL's stolen painting."

### First Cause of Action – Declaratory Relief
### Under 28 U.S.C. §§ 2201 and 2202

71. Athena repeats its responses to the above paragraphs as if fully set forth herein.

72. To the extent Paragraph 72 sets forth conclusions of law, no response is required.

73. To the extent Paragraph 73 sets forth conclusions of law, no response is required.

12

74. Athena denies the allegations in Paragraph 74

75. Athena denies the allegations in Paragraph 75.

76. Athena denies the allegations in Paragraph 76.

77. Athena admits that Humidity is in New York under Athena's control, but denies the remaining allegations in Paragraph 77.

78. Athena refers all questions of law in Paragraph 78 to the court, but notes that Athena has a right to dispose of the collateral as a secured lender with a defaulted loan *and* as a judgment creditor against all loan obligors – Philbrick, IPL and 18 Boxwood Green – even if SIL's rights are not resolved prior thereto.

79. Athena denies that SIL is entitled to the relief requested in Paragraph 79.

**Second Cause of Action - Replevin**

80. Athena repeats its responses to the above paragraphs as if fully set forth herein.

81. Athena denies the allegations in Paragraph 81.

82. Athena denies the allegations in Paragraph 82.

83. Athena denies the allegations in Paragraph 83.

84. Athena admits that it has properly maintained exclusive possession, custody and control, but denies the remaining allegations in Paragraph 84.

85. Athena denies the allegations in Paragraph 85.

86. Athena denies the allegations in Paragraph 86.

### Third Cause of Action – Conversion

87. Athena repeats its responses to the above paragraphs as if fully set forth herein.

88. Athena denies the allegations in Paragraph 88.

89. Athena denies the allegations in Paragraph 89.

90. Athena denies the allegations in Paragraph 90.

91. Athena admits that it has properly maintained possession, custody and control of the Painting, but denies the remaining allegations in Paragraph 91.

92. Athena denies the allegations in Paragraph 92.

93. Athena denies the allegations in Paragraph 93.

### Fourth Cause of Action – Fraudulent Conveyance New York Debtor and Creditor Law §§ 273 and 276

94. Athena repeats its responses to the above paragraphs as if fully set forth herein.

95. Athena denies that SIL is or was a creditor of IPL.

96. Athena denies the allegation that Philbrick controlled "a Jersey-based corporate vehicle for the purpose of holding title to certain art assets that would be used as collateral on loans." Rather, Boxwood was controlled by independent professional directors. Athena admits that Philbrick was the sole beneficial shareholder of that entity, but denies the remaining allegations in Paragraph 96, and notes that the Jersey-based entity was created in 2015.

97. Athena denies the allegation in Paragraph 97.

98. Athena denies that the transfer constituted a fraudulent conveyance, and is without sufficient knowledge or information to admit or deny the allegations as to Philbrick's intent.

99. Athena denies the allegations in Paragraph 99.

100. Athena denies that SIL is entitled to the relief requested in Paragraph 100, and notes further that neither Boxwood nor IPL are parties to this action.

### Fifth Cause of Action (In the Alternative Only) – Injunctive Relief and Damages Under UCC §§ 9-625

101. Athena repeats its responses to the above paragraphs as if fully set forth herein.

102. Athena denies the allegations in Paragraph 102.

103. Athena denies the allegations in Paragraph 103.

104. As Paragraph 104 contains conclusions of law, no response is required.

105. Athena denies that SIL is entitled to the relief requested in Paragraph 105.

### Sixth Cause of Action (In the Alternative Only) – Constructive Trust

106. Athena repeats its responses to the above paragraphs as if fully set forth herein.

107. Athena denies the allegations in Paragraph 107.

108. To the extent Paragraph 108 contains conclusions of law, no response is required; to the extent Paragraph 108 contains allegations of fact, Athena denies them.

109. Athena denies knowledge or information sufficient to admit or deny the allegations in Paragraph 109.

110. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 110.

111. Athena denies the allegations in Paragraph 111.

112. Athena denies the allegations in Paragraph 112.

113. To the extent Paragraph 113 contains conclusions of law, no response is required.

114. Athena refers all questions of law contained in Paragraph 114 to the court.

115. Athena denies the allegations in Paragraph 115.

116. Athena denies the allegations in Paragraph 116.

117. Athena denies that SIL is entitled to the relief requested in Paragraph 117.

**Prayer for Relief**

118. Athena denies that it is liable to SIL and denies that SIL is entitled to any relief.

**Affirmative Defenses**

119. Athena alleges and asserts the following affirmative defenses in response to the allegations. By pleading the defenses set forth below, Athena does not admit that it bears the burden of proof on all or any of the aforesaid defenses, and reserves all rights with respect to allocation of the burden of proof under the applicable law.

**First Affirmative Defense**

120. SIL has failed to state a claim upon which relief can be granted.

**Second Affirmative Defense**

121. Athena has at all times acted in good faith and with reasonable grounds for believing that its conduct was not wrongful, tortious, or unlawful.

**Third Affirmative Defense**

122. Any damages sustained by SIL were caused wholly or in part by the acts and omissions of SIL itself, or by the acts and omissions of other third parties, all of which acts and omissions were beyond Athena's control.

123. Even if SIL's claims are not completely barred as a result, any damages allegedly suffered must be reduced as a result of the consequences of such conduct.

### Fourth Affirmative Defense

124. SIL is barred in whole or in part from maintaining this action and recovering any damages or obtaining any equitable relief under the doctrine of unclean hands.

### Fifth Affirmative Defense

125. SIL has failed to obtain jurisdiction over IPL and Boxwood, without whom SIL cannot establish its entitlement to a declaration of its rights as against them.

### Other Affirmative Defenses Reserved

126. Athena reserves the right to assert all affirmative and other defenses at law or in equity that may become known in the future.

\*\*\*

**WHEREFORE**, Athena respectfully submits that Satfinance Investment Limited's complaint-in-intervention must be dismissed, and the relief demanded in Athena Art Finance Corp.'s complaint must be granted.

Dated: New York, New York
      August 14, 2020

                          Respectfully submitted,

                          MAZZOLA LINDSTROM, LLP

                          By: _/s/ Wendy J. Lindstrom_
                          Wendy J. Lindstrom, Esq.
                          Counsel for plaintiff Athena Art Finance Corp.
                          1350 Avenue of the Americas, 2nd Floor
                          New York New York 10019

To: All parties via ECF