UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATHENA ART FINANCE CORP., *Plaintiff*, -against- that CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *in Rem*, *Defendants,* SATFINANCE INVESTMENT LIMITED and DELAHUNTY LIMITED d/b/a DELAHUNTY FINE ART, *Interested Parties*. | Case No. 20-cv-4669(GBD) Hon. George B. Daniels, USDJ **Jury Demanded** |

**Athena's Answer to Delahunty's Counterclaim**

Plaintiff Athena Art Finance Corp. ("Athena"), by and through its attorneys Mazzola Lindstrom, LLP, responds to the counterclaim asserted by Delahunty Fine Arts ("Delahunty") in its answer and counterclaim dated July 30, 2020. Athena denies each and every allegation of the counterclaim not expressly and specifically admitted below.

**Preliminary Statement**

Delahunty never had any rights to "Humidity" by Jean-Michel Basquiat (the "Painting"), and still doesn't today. Delahunty's false claim to a "12.5% beneficial interest" in the Painting is based on <u>undisputedly</u> fraudulent documents.

1

In all key respects, this case is even *weaker* than Delahunty's London case in which Athena has already prevailed.[1] Delahunty's new claim is based on a one-page invoice for $2,750,000 from Inigo Philbrick Ltd. ("IPL"), dated November 1, 2016 – not an actual agreement – that Delahunty recalls was negotiated through "the discussions" that took place during "five or six meetings" at Philbrick's house, on no dates in particular in June 2016. (Delahunty counterclaim ¶ 15). It was during the "course of these discussions" that Delahunty was led to "believe" that Philbrick had purchased a $22 million Basquiat from "SKH Management Corp" (a grocery and garden center in Amish country, Pennsylvania, with no apparent connection to the art world, or Inigo Philbrick). (*Id.* ¶ 16). That is the improbable basis for Delahunty's claim to this court that it owns precisely 12.5% of this very valuable 1982 Basquiat.

Today, Delahunty has come to acknowledge that "IPL's sale to Delahunty was rife with material misrepresentations and omissions" (*id.* ¶ 21), and Delahunty also admits that "IPL did not acquire the Painting for $22 million from SKH Management Corp." (*Id.* ¶ 23). It is therefore unsurprising that Delahunty never disclosed itself to anyone as having an interest in the Painting until *after* Philbrick stopped making interest payments to Athena and fled to the South Pacific.

By contrast, Athena is a highly disciplined institutional lender. Athena is not an "investor" and does not make investments or acquire equity interests in artworks. The criminal complaint against the now-indicted Philbrick appropriately recognizes Athena as the "Art

---

[1] The judgment dated June 2, 2020 from the High Court of Justice, Business and Property Courts of England and Wales, dismissed the action against Athena and awarded fees to Athena in the action captioned *Satfinance Investments Limited v. (1) Inigo Philbrick (2) Inigo Philbrick Limited (3) 18 Boxwood Green Limited (4) Athena Art Finance Corp.*, BL-2019-001998.

Finance Company."[2] Here, Athena made a loan pursuant to the terms of a professionally-underwritten and fully-documented financing transaction. Pursuant to the loan terms, Athena has *always* had possession, custody and control of the Basquiat, as it does today, and as it did when Athena loaned the Painting for an exhibition in Japan and when it was returned to Athena in New York. Athena conducted extensive due diligence, had proof that IPL made actual payments to Phillips Auctioneers LLC – the real seller – for the actual purchase price of $12,500,000 in accordance with a *bona fide* Phillips Private Sale Agreement, disbursed loan proceeds against the Painting as loan collateral, and recorded its security interest as a creditor (UCC-1 Financing Statement), thereby obtaining a valid perfected security interest in the Painting.

Today, Athena is also a *judgment creditor* by virtue of a prior action captioned *Athena Art Finance Corp. v. 18 Boxwood Green*, *et al*, Index No. 657322/2019. As a secured lender, Athena has the immediate right to sell the Painting (its collateral) pursuant to UCC Section 9-610 *et seq*. Athena filed this *in rem* action, inviting any interested parties to appear, and brought an order to show cause to receive the court's imprimatur to sell the Painting. Given Athena's superior rights as a secured lender with a first priority lien, as a matter of settled law and in accordance with the terms of the loan and security agreement, Athena is entitled to sell the Painting and receive the first right of repayment for all accrued and unpaid principal, interest, fees and expenses of which it is rightfully owed.

**Athena's Responses to the Numbered Paragraphs**

1. Athena admits that Inigo Philbrick has been indicted for crimes relating to Athena, but denies the remaining allegations in Paragraph 1.

---

[2] SDNY Docket No. 20-cr-351.

2. Athena admits the allegations in Paragraph 2 to the extent that Satfinance Investment Limited ("SIL") and Delahunty claim title to the Painting, but notes that this action arose under Athena's loan and security agreement with 18 Boxwood Green (and the ancillary documents and guarantees incorporated therein), pursuant to which Athena is entitled to sell Humidity irrespective of SIL or Delahunty's claims to title or beneficial ownership thereof.

3. Athena admits that it seeks a declaration that it is entitled to foreclose upon and sell Humidity and notes that it has a right to dispose of the collateral as a secured lender with a defaulted loan, and as a judgment creditor against all loan obligors: Philbrick, IPL and 18 Boxwood Green ("Boxwood"), even if Delahunty's rights are not resolved prior thereto. Athena denies all remaining allegations in Paragraph 3.

4. Athena admits the allegations in Paragraph 4.

5. Athena denies the allegations in Paragraph 5, and notes that the invoice on which Delahunty relies is not an "agreement governed by English law."

6. Athena denies the allegations in Paragraph 6 except admits that it made a loan to Boxwood and Boxwood pledged artworks including the Painting as collateral.

7. Athena admits the allegations in Paragraph 7, except Athena rejects the characterization of the transfer of the Painting from IPL to Boxwood as being a "purported" transfer, rather than a valid asset transfer, vetted and approved by Boxwood's independent directors.

8. Athena denies the allegations in Paragraph 8.

9. Athena admits the allegations in Paragraph 9.

10. Athena denies the allegations in Paragraph 10, and denies that Delahunty is entitled to the relief requested in Paragraph 10.

11. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11.

12. Athena admits the allegations in Paragraph 12.

13. To the extent Paragraph 13 contains conclusions of law, no response is required, and Athena respectfully refers to the court the question whether it has subject matter jurisdiction over this action.

14. To the extent Paragraph 14 contains conclusions of law (including in footnote 2), no response is required. Athena admits that both its principal place of business and the Painting are within the Southern District of New York.

15. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15.

16. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 as to Philbrick's representations to Delahunty and Delahunty's subsequent beliefs.

17. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17, but notes that the invoice attached as Exhibit 1 to Delahunty's counterclaim makes no mention of governing law.

18. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18.

19. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19.

20. Athena denies the allegations in Paragraph 20.

21. Athena admits that IPL did not acquire Humidity from SKH Management Corp. (which entity according to the criminal complaint never even communicated with, let alone sold a multi-million dollar Painting to, Philbrick) for $22 million and admits that IPL acquired Humidity from Phillips for $12.5 million, pursuant to a private sale agreement dated July 27, 2016. Athena is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 21.

22. Athena denies the allegations in Paragraph 22.

23. Athena admits the allegations contained in the first two sentences of Paragraph 23. Athena denies the remaining allegations in Paragraph 23.

24. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24.

25. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25.

26. Athena refers all questions of law contained in Paragraph 26 to the court, and otherwise denies the allegations therein.

27. Athena admits the allegations in Paragraph 27.

28. Athena admits the allegations in Paragraph 28.

29. Athena admits the allegations in Paragraph 29, except Athena rejects the characterization therein of the pledge of the Painting as collateral and the transfer of the "Painting" from IPL to Boxwood as "purported."

30. Athena admits the allegations in Paragraph 30.

31. Athena denies the allegations in Paragraph 31.

32. Athena denies the allegations in Paragraph 32.

33. Athena admits the allegations in Paragraph 33.

34. Athena admits the allegations in Paragraph 34, but notes that the order was vacated by the English court upon its determination that Athena was not subject to the court's jurisdiction.

35. Athena admits the allegations in Paragraph 35.

36. Athena admits the allegations in Paragraph 36.

37. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 37.

38. Athena admits the allegations in Paragraph 38.

39. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39.

**First Cause of Action – Declaratory Judgment**

40. Athena repeats its responses to the above paragraphs as if fully set forth herein.

41. Athena denies the allegations in Paragraph 41.

42. Athena denies the allegations in Paragraph 42.

43. Athena is without sufficient knowledge or information to admit or deny the allegations in Paragraph 43.

44. Athena denies the allegations in Paragraph 44.

45. Athena denies the allegations in Paragraph 45.

46. Athena denies the allegations in Paragraph 46.

47. Athena admits that a justiciable controversy exists between Athena and Delahunty as to whether Athena has a valid security interest in or claim to Humidity, and denies the remaining allegations in Paragraph 47.

48. Athena denies the allegations in Paragraph 47.

**Prayer for Relief**

49. Athena denies that Delahunty is entitled to any relief.

**Affirmative Defenses**

50. Athena alleges and asserts the following affirmative defenses in response to the allegations. By pleading the defenses set forth below, Athena does not admit that it bears the burden of proof on all or any of the aforesaid defenses, and reserves all rights with respect to allocation of the burden of proof under the applicable law.

**First Affirmative Defense**

51. Delahunty has failed to state a claim upon which relief can be granted.

**Second Affirmative Defense**

52. Athena has at all times acted in good faith and with reasonable grounds for believing that its conduct was not wrongful, tortious, or unlawful.

### Third Affirmative Defense

53. Any damages sustained by Delahunty were caused wholly or in part by the acts and omissions of Delahunty itself, or by the acts and omissions of other third parties, all of which acts and omissions were beyond Athena's control.

54. Even if Delahunty's claims are not completely barred as a result, any damages allegedly suffered must be reduced as a result of the consequences of such conduct.

### Fourth Affirmative Defense

55. Delahunty is barred in whole or in part from maintaining this action and recovering any damages or obtaining any equitable relief under the doctrine of unclean hands.

### Fifth Affirmative Defense

56. Delahunty has failed to obtain jurisdiction over IPL and Boxwood, without whom Delahunty cannot establish its entitlement to a declaration of rights as against them.

### Other Affirmative Defenses Reserved

57. Athena reserves the right to assert all affirmative and other defenses at law or in equity that may become known in the future.

\*\*\*

**WHEREFORE**, Athena respectfully submits that Delahunty Limited's answer and counterclaim must be dismissed, and the relief demanded in Athena Art Finance Corp.'s complaint must be granted.

Dated: New York, New York
      August 14, 2020

                                 Respectfully submitted,

                                 MAZZOLA LINDSTROM, LLP

                                 By: *Wendy J. Lindstrom*
                                 Wendy J. Lindstrom, Esq.
                                 Counsel for plaintiff Athena Art Finance Corp.
                                 1350 Avenue of the Americas, 2nd Floor
                                 New York New York 10019

To: All parties via ECF