# MAZZOLA LINDSTROM LLP

---

Wendy J. Lindstrom  
wendy@mazzolalindstrom.com

T: 646.216.8440  
M: 516.680.2889

September 10, 2020

**Via ECF**

Hon. George B. Daniels, USDJ  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl St.  
New York, NY 10007-1312

   Re: **Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat entitled *Humidity*, 1982, *in Rem*  
      Case No. 20-cv-4669 (GBD)**

Dear Judge Daniels:

  We represent plaintiff Athena Art Finance Corp. in this *in rem* action against that Certain Artwork by Jean-Michel Basquiat entitled *Humidity*, 1982. We thank the Court for executing the order and setting a hearing date for September 24th. We write in response to interested parties Satfinance Investment Limited ("Satfinance") and Delahunty Limited's ("Delahunty") September 4, 2020 letter (Dkt. No. 35) regarding Athena's motion (brought by an order to show cause, and signed by the Court on August 28, 2020) for an order permitting the immediate sale of the Basquiat (Dkt. No. 33).[1]

  Since Athena filed its original order to show cause in state court on June 17th (which was refiled on July 29th in this Court after removal) significant new developments have occurred – namely, that Satfinance and Delahunty have entered their appearances and have fully engaged in this *in rem* action by filing, *inter alia,* comprehensive responses to Athena's Complaint, demanding that this Court adjudicate the merits of their claims to the Basquiat painting. That is, Satfinance removed Athena's case from state court to federal court, and filed its own Intervenor Complaint on July 31st and Delahunty answered and asserted a counter-claim on July 30th. Given Satfinance and Delahunty's appearances, submission to this Court's jurisdiction, and their pleadings, Athena considers that it is important for the interested parties to have the opportunity to be heard, and thus Athena consents to the withdrawal of its pending motion.

  In fact, Athena's very purpose of filing this lawsuit was for Athena to afford all potential interested parties the opportunity to be heard before foreclosing on and selling its collateral – the Basquiat painting. That being said, Athena is impelled to address several misstatements in the joint letter, while noting that such issues should more properly be addressed through discovery and ensuing motion practice, and perhaps a trial. While Athena will not waste the Court's time with a

---

[1] Athena initially proceeded by order to show cause to assure that non-party Inigo Philbrick (and his companies Inigo Philbrick Ltd. and 18 Boxwood Green Ltd.) will have received notice of this proceeding, and thus have an opportunity to be heard.

point-by-point refutation of arguments made in the joint letter, given the seriousness of certain allegations, predicated upon misrepresentations and the purposeful twisting of words, Athena will briefly respond to the most egregious falsehoods therein.

*First*, Athena had no knowledge of or in any way "enabled" the crimes of Inigo Philbrick. The insinuation is unethical, as it is not predicated upon any facts and hinges entirely on words of the now-indicted fraudster. Athena was defrauded by Inigo Philbrick and is entitled to the full panoply of rights under the CVRA and the MVRA. Unlike the principal of Satfinance (Mr. Sasha Pesko) an investor with whom Inigo Philbrick shares a long recreational relationship and to whom Satfinance admits Philbrick personally confessed his crimes, Athena is an institutional lender from whom Philbrick borrowed millions of dollars. The criminal complaint clearly identifies Athena (the "Art Finance Company" in the criminal complaint) as a victim of Philbrick's fraud and neither the FBI nor federal prosecutors assigned to Philbrick's matter have ever suggested that Athena was an "enabler" of Philbrick's frauds, or anything other than an innocent victim. Satfinance's attempt to twist the government's words in the Philbrick criminal complaint – *i.e.*, that Athena "encouraged" Philbrick's use of a special purpose vehicle, which is entirely commonplace in financing transactions – to imply that Athena acted improperly or in any way encouraged Philbrick's malfeasance is simply beyond the pale. Special purpose vehicles are routinely used in asset-based lending to protect the secured party (in this case Athena) from, *inter alia*, other creditors.

*Second*, Satfinance's argument that it has "full title" to the Basquiat is itself based on a set of bogus documents (e.g. claiming that it jointly purchased the Painting with Inigo Philbrick personally for $18.4 million pursuant to a homemade "Bill of Sale" that identified the "Seller" of this important and valuable artwork as a green grocer in Lititz, Pennsylvania which listed 1875 Lexington Avenue in Manhattan as its address (which, in fact, is home to the "Healthy Harlem RX Pharmacy".))[2] Satfinance baldly asserts that it acquired "full title" to the Basquiat, without admitting that its own invoice from Inigo Philbrick Limited reflected Satfinance's purchase of "a 66% share" for 50% of the bogus purchase price. Through alchemy, Satfinance now attempts to use the bona fide purchase price (from Philips Auctioneers LLC) to convert a supposed 66% share into full-blown ownership. In any event, it is clear that Satfinance never conducted any due diligence whatsoever.

By contrast, Athena is highly disciplined institutional lender that conducted extensive due diligence of both the borrower and the collateral and corroborated evidence of the true purchase transaction involving the Basquiat, as it does with all loan collateral. After conducting exhaustive due diligence, Athena perfected its security interest pursuant to a number of steps, including extensive loan and security documentation, the filing of a UCC-1 statement and taking possession of the Basquiat.  (Athena's fully-documented financing transaction and documented right to possession is also why Athena was able to direct the return of the painting to New York following an exhibition in Japan. Once again, there was nothing surreptitious or improper about Athena's behavior, notwithstanding the assertions to the contrary in the joint letter.)

---

[2] Satfinance even SIL recognized this absurdity, so Inigo Philbrick sent along a replacement "Agreement of Sale" for the same Basquiat, for the same $18.4 million on the same day – but this time, the "Seller's" address was changed from the Harlem pharmacy to a new address in Pennsylvania.

MAZZOLA LINDSTROM LLP

*Finally*, Satfinance grossly misrepresents to this Court the significance of the English Court's grant of permission to appeal in the English action. The test for granting permission to appeal is a very low bar: it must be merely more than frivolous. As set forth in the case of *R (A Child)*, 2019 EWCA Civ. 895[3], of the Court of Appeal (Civil Division), of England and Wales, "The test for the grant of permission to appeal . . . is that the appeal . . . must be a realistic, as opposed to fanciful, prospect of success. ***There is no requirement that success should be probable, or more likely than not.***" (emphasis supplied). In other words, the appeal might not be so frivolous as to be sanctionable. Further, the interested parties' full engagement in New York renders the appeal in London pointless because there is no way the Courts in London will allow the same issue to be litigated there and in New York. The English case is even more devoid of merit than it already was because Satfinance and Delahunty have yet further waived any objection to New York as the appropriate forum for addressing their claims.

In sum, Athena withdraws its order to show cause, on the grounds that it is now academic. Athena requests, however, that the Court deem Inigo Philbrick, and, through him, his companies Inigo Philbrick Ltd. and 18 Boxwood Green Ltd., to have received notice of this proceeding and an opportunity to be heard.

Given the foregoing, we request that the September 24th hearing be cancelled, and that the parties proceed with the initial conference scheduled herein on October 15th.

Very truly yours,

MAZZOLA LINDSTROM, LLP

*/s/ Wendy J. Lindstrom*

Wendy J. Lindstrom

---

[3] Available at: https://www.bailii.org/ew/cases/EWCA/Civ/2019/895.html