

745 Fifth Avenue, 5th Floor, New York, NY 10151
T. 646-770-7445   F. 646-417-7997

GROSSMANLLP.COM

October 9, 2020

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11A
New York, New York  10007

> Re: *Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982, in Rem*, Case No. 20 Civ. 4669 (GBD)
> **Satfinance and Delahunty Letter Response to October 6, 2020, Order**

Dear Judge Daniels,

We write on behalf of Intervenor Plaintiff Satfinance Investment Limited ("Satfinance"), jointly with Interested Party and Counterclaim Defendant Delahunty Limited d/b/a Delahunty Fine Art ("Delahunty"), under the Court's October 6, 2020, Order, to apprise the Court of the status of the above-referenced matter and the status of the appeal pending in the United Kingdom.  We write separately from Plaintiff Athena Art Finance Corp. ("Athena") because Athena did not agree to include our insert in their letter to the Court.

**Statement of Intervenor Plaintiff Satfinance**

**Factual Background**

The parties to this dispute have competing claims to a valuable Painting by world-renowned artist Jean-Michel Basquiat (1960-1988).

Satfinance claims that in August 2016, Inigo Philbrick Limited ("IPL")—an English entity owned and controlled by Inigo Philbrick, then a 29-year-old up-and-coming art dealer, now indicted for perpetrating a massive art-fraud scheme—entered into an agreement expressly granting Satfinance "full title" to the Painting.  Satfinance and Philbrick were in England at the time of forming their agreement, which is governed by English law.  Since acquiring full title, Satfinance never sold, transferred, or otherwise disposed of any part of its ownership interest in the Painting.  (*See* Dkt. No. 30 ¶¶ 2, 19-32.)

Delahunty claims that, on November 1, 2016, Delahunty entered into an agreement with IPL to purchase a 12.5% interest in the Painting for a total of $2.75 million.  Under that agreement with IPL, Delahunty claims to have purchased 12.5% of the Painting in exchange for "a preferred stake paying 25% of profit[.]"  (*See* Dkt. No. 26 ¶¶ 15-20.)  Delahunty and Philbrick were in England when they formed their agreement, which is governed by English law.

Hon. George B. Daniels  October 9, 2020
Case No. 20 Civ. 4669 (GBD)  Page 2 of 4

Unbeknownst to Satfinance or Delahunty, after Satfinance acquired full title to the Work, Philbrick secretly purported to pledge the Painting as collateral on a multimillion-dollar art-backed loan (the "Loan") from Athena. As part of this transaction, and at Athena's insistence, Philbrick purported to transfer ownership of the Painting to Boxwood, a Jersey entity he created and controlled, for the purpose of borrowing money. Of course, though, where Satfinance held full title to the Painting, neither Philbrick nor IPL had any right to pledge or transfer title to Boxwood. And since Boxwood (a party to Philbrick's fraud on Satfinance) acquired no rights from this fraudulent transfer, Boxwood was unable to grant Athena with a security interest.

For his role in masterminding this, and other frauds, Philbrick has been charged with wire fraud and aggravated identity theft. *U.S.A. v. Philbrick*, 20 Cr. 351 (SHS), Dkt. No. 10. He is now in federal custody, having been denied bail, as he awaits trial.

### Status of the Appeal Pending in the United Kingdom

Almost one year ago to the day, Satfinance commenced proceedings in London, England against Philbrick, IPL, Boxwood and Athena, seeking a declaration as to its legal and beneficial title to the Painting, and the return of the Painting. At the time of Satfinance's application, the painting was in a museum exhibition in Japan that was not scheduled to end until the end of November. Being aware of Satfinance's claim to ownership, but without notice to it or the English court, Athena surreptitiously removed the Painting from the Japanese museum and transported it to an undisclosed storage facility in New York, providing Athena with a jurisdictional hook to file this *in rem* action.

On November 1, 2019, the English High Court granted a preliminary injunction enjoining Athena from selling, transferring, or otherwise disposing of the Painting during the pendency of the dispute. It also granted permission for Satfinance to serve the English proceedings on Athena in New York on the basis that Athena was a "necessary and proper party" to the proceedings. On November 14, 2019, the English High Court continued the injunction and at the same time, it granted Satfinance's request to compel Athena to give disclosure of the Painting's whereabouts. Athena failed to disclose this information, obliging Satfinance to obtain Section 1782 discovery against Athena expressly in support of the English proceedings. Athena eventually disclosed the whereabouts of the Painting.

On March 11, 2020, Satfinance was forced to seek (and obtain) a further order against Athena from the English High Court requiring it to instruct ARCIS, the warehouse in which the Painting was located, to give access to Satfinance's art appraiser in order to permit Satfinance to obtain insurance in respect of the Painting.

On June 2, 2020, a judge of the English Court (known as a "Master") found that it lacked jurisdiction over Athena. Satfinance subsequently obtained leave to appeal that ruling, and in granting leave to appeal, a full High Court Judge held that "the points raised by the Appellant [Satfinance] on this appeal have a real prospect of success[.]" (*See* Exhibit A.) The hearing on the appeal is expected to be scheduled no later than December 11, but as early as November 16. And in accordance with English court practice, a decision is expected within several weeks after the hearing. Meanwhile, the English case continues against Philbrick, IPL, and Boxwood. In addition, the only other party who has asserted an ownership claim to the Painting, Delahunty, is now a party to the English proceeding and has served a Defence and Counterclaim.

## This Court Should Defer to the English Proceeding

Satfinance submits that this Court should temporarily stay this action, or at least defer commencing discovery, until the conclusion of the English appeal. The appeal will be heard by early December, and a decision can be expected by January. If the appeal is granted, all relevant parties will be before the English court. The English case is the first-filed proceeding. Satfinance who would not otherwise be subject to this Court's *in personam* jurisdiction, has had no choice but to appear in this action because Athena manufactured *in rem* jurisdiction by secreting the Painting from a Japanese museum to a private New York storage site. But where the competing claimants are based in the United Kingdom, and English law governs their ownership claims, it is clear that the center of gravity of this matter is in England. Philbrick and IPL, an English company, operated out of a gallery in London, which is where Philbrick had his dealings with Satfinance and Delahunty. To address the merits of this action, the Court will need to determine the legal rights that arose as a result of each of a sequence of transactions, *i.e.* (i) the original acquisition of the Painting and the agreement giving legal title to Satfinance (which Athena claims had no effect), (ii) Philbrick's sale of a partial interest in the Painting to Delahunty, and (iii) Philbrick's purported transfer of the Painting to Boxwood and pledge to Athena. The first two of these events concern transactions that took place among parties in England that should be governed by English law. The legal position resulting from the third event also depends on the application of English law, because the written agreement that purported to effectuate the transfer from IPL to Boxwood was expressly governed by that law. Furthermore, Philbrick was operating from England at the time of his shady dealings with Boxwood and Athena, and the attribution of Philbrick's guilty knowledge to his companies, IPL and Boxwood, will be determined applying principles of English company law (Jersey company law being the same as English law in this respect).

The English High Court already has determined that Satfinance has a "real prospect of success" in its appeal of the jurisdictional ruling. And a decision on the appeal is expected in the coming months. If the appeal is granted, then all parties who have asserted claims to the Painting will be before the English court in one proceeding. In that event, Satfinance anticipates making a formal motion to stay or dismiss the present action on the ground that England is the *forum conveniens* for this dispute. Alternatively, Satfinance may argue that this Court should exercise its discretion to defer addressing the merits of Athena's claim to the Painting until after the English Court has determined the prior rights of Satfinance and Delahunty under English law. In either case, Satfinance respectfully requests that this Court should temporarily stay these proceedings, or at least defer the commencement of discovery, until after the English appeal has been decided.

## Statement of Interested Party & Counterclaim Plaintiff Delahunty

Delahunty declines to join in the entirety of Satfinance's recitation of the factual background as set forth above (for example, Delahunty does not agree with any suggestion that Satfinance's title to the Painting interferes with Delahunty's beneficial interest in the Painting). For the reasons articulated above, however, Delahunty supports Satfinance's request to stay these proceedings pending the English court's resolution of Satfinance's appeal. Should the Court decline to grant Satfinance and Delahunty's request to defer the proceedings pending the English appeal, Delahunty and Athena have agreed upon a proposed Rule 26 schedule for the Court's consideration.

Hon. George B. Daniels  October 9, 2020
Case No. 20 Civ. 4669 (GBD)  Page 4 of 4

                                                Respectfully submitted,

                                                */s/ Judd B. Grossman*

                                                Judd B. Grossman

cc:     All counsel (via ECF)