UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ATHENA ART FINANCE CORP.,

        *Plaintiff*,

   -against-

that
CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *In Rem*,

        *Defendant*,

SATFINANCE INVESTMENT LIMITED and DELAHUNTY LIMITED d/b/a DELAHUNTY FINE ART,

        *Interested Parties*.

Case No. 20-cv-4669(GBD)

Hon. George B. Daniels

---

SATFINANCE INVESTMENT LIMITED,

        *Intervenor-Plaintiff*,

   -against-

ATHENA ART FINANCE CORP. and
that CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *In Rem*,

        *Intervenor-Defendants*.

---

**DECLARATION OF JUDD B. GROSSMAN, ESQ. IN SUPPORT OF
<u>SATFINANCE'S MOTION FOR A PRELIMINARY INJUNCTION</u>**

I, Judd B. Grossman, Esq., an attorney admitted to practice before this Court and the Courts of the State of New York, hereby declare under penalty of perjury as follows:

1. I represent Interested Party/Intervenor-Plaintiff Satfinance Investment Limited ("SIL") in this action and I submit this Declaration in Support of SIL's Motion for a Preliminary Injunction seeking to enjoin Plaintiff Athena Art Finance Corp. ("Athena") from selling, transferring, or otherwise disposing of the Painting during the pendency of these proceedings.

2. A true and correct copy of the April 30, 2020, criminal complaint (the "Criminal Complaint") in *U.S. v. Philbrick*, Case No. 20-cr-00351(SHS) (S.D.N.Y.) (Dkt. No. 1) is attached as **Exhibit A**.

3. The Criminal Complaint states that Philbrick provided SIL "with a contract purporting to show that [Philbrick] had agreed to purchase the [Painting] from a Pennsylvania-based company . . . for $18.4 million." (*See* Ex. A at ¶ 6(b).)

4. The Criminal Complaint states that "the contract with the Pennsylvania Company was fake" and that "[Philbrick] did not disclose to [SIL] that [Philbrick] had actually purchased the [Painting] . . . for $12.5 million." (*See* Ex. A at ¶¶ 6(c)-(d).)

5. The Criminal Complaint states that "[i]n or about August and September 2016, [SIL] wired a total of $12.2 million to a bank account for [IPL] as payment for the [Painting]." (*See* Ex. A at ¶ 6(f).)

6. The Criminal Complaint states that "[o]n or about March 31, 2017, [Boxwood] entered into a loan and security agreement with [Athena]," and "[i]n or about April 2017, [Athena] approved the addition of the [Painting] to the Collateral Pool for the Loan Contract." (*See* Ex. A at ¶¶ 5(d), 6(i).)

7. The Criminal Complaint states that "[Philbrick] emailed [Athena] an invoice showing the transfer of title to the [Painting] from [IPL] to [Boxwood], in preparation for the [Painting] to be added to the Collateral Pool." (*See* Ex. A at ¶ 5(h)(iii).)

8. The Criminal Complaint states that "at the encouragement of [Athena], [Philbrick] assumed control of a Jersey-based corporate vehicle [Boxwood] for the purpose of holding title to certain art assets that would be used as collateral on loans" and that "[Philbrick] was the 'sole beneficial shareholder' of [Boxwood]." (*See* Ex. A at ¶ 5(c).)

9. A true and correct copy of the July 13, 2020, Indictment in *U.S. v. Philbrick*, Case No. 20-cr-00351(SHS) (S.D.N.Y.) (Dkt. No. 10) is attached as **Exhibit B**.

10. A true and correct copy of the July 14, 2020, Minute Entry in *U.S. v. Philbrick*, Case No. 20-cr-00351(SHS) (S.D.N.Y.) (Dkt. No. 11) is attached as **Exhibit C**.

11. A true and correct copy of the June 2, 2020, Summons with Notice in *Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat entitled Humidity, 1982, In Rem*, Index No. 652258/2020 (Sup. Ct. N.Y. Co.) (Doc. No. 1) is attached as **Exhibit D**.

12. A true and correct copy of the June 17, 2020, [Proposed] Order to Show Cause in *Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat entitled Humidity, 1982, In Rem*, Index No. 652258/2020 (Sup. Ct. N.Y. Co.) (Doc. No. 3) is attached as **Exhibit E**.

13. On September 25, 2020, SIL requested that Athena "agree to physically keep the [Painting] in its present location during the pendency of the case," but Athena refused. True and correct copies of the September 25, 2020, email from Judd B. Grossman, Esq., to Wendy Lindstrom, Esq., and the September 30, 2020, email from Wendy Lindstrom, Esq. to Judd B. Grossman, Esq. are attached as **Exhibit F**.

14. A true and correct copy of the September 9, 2020, Complaint in *Tecku, et al. v. YieldStreet Inc., et al.*, Case No. 20-cv-07327(VM) (S.D.N.Y.) (Dkt. No. 1) is attached as **Exhibit G**.

15. A true and correct copy of the February 12, 2021, Declaration of Christopher David Nutt in *Tecku, et al. v. YieldStreet Inc., et al.*, Case No. 20-cv-07327(VM) (S.D.N.Y.) (Dkt. No. 30) is attached as **Exhibit H**.

Dated: February 17, 2021
      New York, New York

                                                                       Judd B. Grossman