# MAZZOLA LINDSTROM LLP

Wendy J. Lindstrom
wendy@mazzolalindstrom.com

T: 646.216.8440
M: 516.680.2889

March 15, 2021

MAR 17 2021

**DENIED**

/s/ George B. Daniels

MAR 17 2021 Judge George B. Daniels

Via ECF

Hon. George B. Daniels, USDJ
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE: Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat entitled Humidity, 1982
Docket No.: 20-cv-04669

Request to Adjourn March 18 Preliminary Injunction Hearing

Dear Judge Daniels:

    We represent plaintiff Athena Art Finance Corp. ("Athena") in this in rem action against that Certain Artwork by Jean-Michel Basquiat entitled Humidity, 1982 (the "Painting"). We write to request a short adjournment of the upcoming hearing concerning the motion of interested party/intervenor-plaintiff Satfinance Investment Ltd. ("SIL") for a preliminary injunction currently scheduled for March 18, 2021 at 10 a.m. There have been no prior requests for an adjournment. We provided a draft of this letter to counsel for Satfinance and Delahunty earlier this evening, before the reply was filed, but did not receive a response from counsel.

    As described in Athena's opposition to the motion, on March 23, 2021 – only five days after the currently scheduled hearing date – Warrior, a similar painting by Basquiat from the same seminal year as the Painting (i.e., 1982), will be sold in a single-lot auction at Christie's Hong Kong. The timing of this auction is fortuitous.

    Both the result of the auction and the level of engagement among qualified buyers are important market data, and will bear on whether Athena will seek to cross-move for an order of sale. Athena therefore requests an adjournment of four weeks.

    In the meantime, Athena commits not to place the Painting for sale during this brief period.

Respectfully submitted,

MAZZOLA LINDSTROM, LLP
/s/ Wendy J. Lindstrom
Wendy J. Lindstrom

cc: All counsel (via ECF)

1350 AVENUE OF THE AMERICAS, SECOND FLOOR, NEW YORK, NEW YORK 10019 T: 646.216.8300
1999 AVENUE OF THE STARS, SUITE 1100, LOS ANGELES, CALIFORNIA 90067
WWW.MAZZOLALINDSTROM.COM


745 Fifth Avenue, 5th Floor, New York, NY 10151
T. 646-770-7445  F. 646-417-7997

GROSSMANLLP.COM

March 16, 2021

VIA ECF

Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11A
New York, New York  10007

>  Re:   Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat
>        Entitled Humidity, 1982, in Rem, Case No. 20 Civ. 4669 (GBD)
>        <u>Opposition to Athena's Request to Adjourn March 18, 2021, Hearing</u>

Dear Judge Daniels,

We write on SIL's behalf to oppose Athena's last-minute request for a four-week adjournment of the upcoming preliminary-injunction hearing. (See Dkt. No. 71.)

Athena's request for an adjournment is as frivolous as it is untimely. Athena made its request close to midnight, just minutes after SIL filed its reply papers, seeking an adjournment of the March 18, 2021, hearing ostensibly because of an upcoming Hong Kong auction of a different artwork unrelated to this dispute. Athena claims that "the result of the auction and the level of engagement among qualified buyers are important market data." But for reasons SIL already has explained, the sale price of another Basquiat work is totally irrelevant to whether, and on what terms, a preliminary injunction should be issued in this case. (Dkt. No. 68 at 9-10.) In any case, according to public records, there have been no fewer than eight major Basquiat paintings sold at auction in the last six months alone.

Athena's revelation that it may eventually file a "cross motion for an order of sale" demonstrates that it acted in bad faith by initially making, and then withdrawing its prior request for that very same relief, and then forcing SIL to file this motion after refusing to consent to an interim injunction. If, as Athena now admits, it cannot sell the work absent an affirmative injunction, then there certainly can be no good-faith basis in law or fact for Athena's opposition to SIL's motion seeking to maintain the status quo. Moreover, Athena has known of the upcoming Hong Kong sale for over one month—indeed it cites articles covering the sale in its papers filed over one week ago. So there simply have been no new developments justifying Athena's last-minute request for an adjournment.

Athena's request should be denied, and the Court should issue the temporary injunction.

Respectfully submitted,

*Judd Grossman*

Judd B. Grossman

