USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED AUG 0 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ATHENA ART FINANCE CORP.,

                      Plaintiff,

    -v-

that
CERTAIN ARTWORK BY JEAN-MICHEL
BASQUIAT ENTITLED HUMIDITY, 1982, In
Rem

                      Defendant.
---------------------------------------------------------------X

Case No. 20-cv-4669(GBD)

STIPULATED
CONFIDENTIALITY
AGREEMENT AND
PROTECTIVE ORDER

      WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

      IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

        1.    With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may

disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

    2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential the portions of such material that it reasonably and in good faith believes consists of:

    (a) financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) material relating to ownership or control of any non-public company;

    (c) business plans, product-development information, or marketing plans;

    (d) confidential, proprietary, or otherwise sensitive information the disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others;

    (e) any information of a personal or intimate nature regarding any individual; or

    (f) any other category of information given confidential status by this Court after the date of this Order.[1]

---

[1] Documents that have previously been disclosed by a Party without a "Confidential" designation may be so designated, retroactively. In the event the recipient of such information objects to such designation, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Discovery Material, as set forth in Paragraph 10.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on therecord during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcriptas if it had been designated Confidential.

5. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designatedportion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential"designation within two business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (d) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    (e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    (f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action;

(i) this Court, including any appellate court, its support personnel, and court reporters; and

(j) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential

treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

        10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule I.D of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule I.D of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must first meet and confer with all counsel to narrow the scope, and then file a letter motion seeking leave to file the Confidential Discovery Material under seal. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may file a letter motion to request a pre-motion conference before the Court for an order declassifying those documents or materials under the Court's Individual Rule IV.A. If no such letter motion is filed, such documents or materials shall continue to be treated as Confidential Discovery Material. If such letter motion is filed, the documents or other materials shall be

deemed Confidential Discovery Material unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Discovery Material.

11. Any Party may request "attorneys' eyes only" designation as to documents believed, in good faith, to contain proprietary or otherwise confidential information that should not be shared with the parties to the action. In the event that the attorney for the Party who receives such information disputes such designation, the attorney may request that the documents be de-designated as such. If the disclosing Party wishes to maintain such designation, the Party shall notify the objecting party within three business days. If the disclosing Party wishes to maintain such designation, the objecting Party may move to de-designate the document or documents. Attorneys' fees shall be recoverable by the prevailing Party on any such motion.

12. Recipients of Discovery Material may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation, arbitration, or any other proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

13. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days beforeany disclosure. Upon receiving such notice, the Producing Party will bear the burden

7

to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

14. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order indefinitely.

16. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

17. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

8

Dated: New York, New York,
    July 20, 2021

ATHENA ART FINANCE CORP.

_____
Richard E. Lerner
MAZZOLA LINDSTROM LLP
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
T: 646.813.4345
richard@mazzolalindstrom.com

DELAHUNTY FINE ART LTD.

_____
Gregory A. Clarick
CLARICK GUERON REISBAUM LLP
220 Fifth Avenue
New York, NY 10001
212-633-431
gclarick@cgr-law.com

SATFINANCE INVESTMENT LIMITED

_____
Judd B. Grossman
GROSSMAN LLP
745 Fifth Avenue, 5th Floor
New York, NY 10151
T: 646-770-7445
jgrossman@grossmanllp.com

So Ordered

_____
Hon. George B. Daniels, USDJ

AUG 0 3 2021

9

Exhibit A
to Stipulated Confidentiality
Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

ATHENA ART FINANCE CORP., Plaintiff,

                      Case No. 20-cv-4669)

             -v -                  **NON-**
                        **DISCLOSURE**

that                                     **AGREEMENT**
CERTAIN ARTWORK BY JEAN-MICHEL
BASQUIAT ENTITLED HUMIDITY, 1982, In
Rem,Defendant(s).

------------------------------------------------------------- X

      I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                                      Name:
                                                                      Date: