UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATHENA ART FINANCE CORP.,<br><br>*Plaintiff*,<br><br>-against-<br><br>that<br>CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *In Rem*,<br><br>*Defendant*,<br><br>SATFINANCE INVESTMENT LIMITED and DELAHUNTY LIMITED d/b/a DELAHUNTY FINE ART,<br><br>*Interested Parties*. | Case No.  20-cv-4669(GBD)(VF)<br><br>Hon. George B. Daniels<br><br>Hon. Valerie Figeuredo |
| SATFINANCE INVESTMENT LIMITED,<br><br>*Intervenor-Plaintiff*,<br><br>-against-<br><br>ATHENA ART FINANCE CORP. and<br>that CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *In Rem*,<br><br>*Intervenor-Defendants*. | |

**Letter of Request for International Judicial Assistance Under the Hague Convention on the Taking of Evidence Abroad in Civil Matters to Obtain Evidence from Charles Mark Broadley and Capital Key Holdings Ltd.**

**MAZZOLA LINDSTROM LLP**
Wendy J. Lindstrom
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
wendy@mazzolalindstrom.com

**To:   Central Authority of the Requested States:**

Attorney General Chambers of the Virgin Islands
P.O. Box 242
Road Town, Tortola
Virgin Islands (British) VG1110
(T): 1(284) 468-2960
(F): 1(284) 464-2983

Secretary for Justice of the Hong Kong Special Administrative Region
c/o International Law Division
(Mutual Legal Assistance Unit)
Department of Justice
7/F, Main Wing, Justice Place,
18 Lower Albert Road,
Central,
Hong Kong, China
(T): +852 3918 4765
(F): +852 3918 4792 / +852 3918 4793

**From: Sender/Requesting Judicial Authority:**

Honorable Valerie Figueredo, United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse 500 Pearl Street
New York, New York 10007 (T): (212) 805-0298

In conformity with Articles 1 and 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, the United States District Court for the Southern District of New York respectfully requests that an order be issued requiring the deposition of Charles Mark Broadley and a representative of Capital Key Holdings Ltd. and the production of documents by Charles Mark Broadley and Capital Key Holdings Ltd., who are located within the jurisdiction of the British Virgin Islands and Hong Kong respectively, and whose documents are intended to be used at a civil trial in the above-captioned civil proceeding which is currently pending before this Court (the "U.S. Action").

This request is made for the purposes of the civil trial in the U.S. Action, which is presently pending before the Southern District of New York and is necessary and in the

2

interest of justice and for the purpose of a full and fair determination at trial of matters in issue amongst the parties in the U.S. Action.

The U.S. Action is a civil proceeding in which plaintiff Athena Art Finance Corp., interested party and intervenor-Plaintiff Satfinance Investment Limited, and interested party Delahunty Limited d/b/a Delahunty Fine Art each make claims of title or partial title to the in rem defendant, a painting by Jean-Michel Basquiat by virtue of their dealings with Inigo Philbrick, and his companies Inigo Philbrick Limited ("IPL") (incorporated in England) and 18 Boxwood Green Limited (incorporated in Jersey). According to documents previously produced in the U.S. Action, Capital Key Holdings Ltd. allegedly acquired an 8% beneficial interest in the painting in 2017.

1. **Persons to Whom the Executed Request is to be Returned:**

    Wendy J. Lindstrom, Esq.
    Mazzola Lindstrom LLP
    1350 Avenue of the Americas, 2nd Floor
    New York, New York 10019
    wendy@mazzolalindstrom.com
    (516) 680-2889

    *Attorneys for Plaintiff Athena Art Finance Corp.*

2. **Full Title of Action:**

    *Athena Art Finance Corp. v. that Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982, In Rem*, Southern District of New York, Case Number 1:20-cv-4669- GBD-DCF

3. **Identity and Address of the Parties Who Are to Provide Evidence:**

    1. Capital Key Holdings Limited,
       Williams Cay 1, Road Town,
       Tortola, British Virgin Islands

    2. Charles Mark Broadley,
       1802 May Tower 1, 7 May Road,
       Hong Kong, Hong Kong

4. **Parties to the U.S. Action and their Representatives:**
   a. **Plaintiff Athena Art Finance Corp.:**

Wendy J. Lindstrom, Esq.
Richard Lerner, Esq.
Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2nd FloorNew York, New York 10019
wendy@mazzolalindstrom.com
richard@mazzolalindstrom.com
(646) 216-8440

   b. **Interested party and intervenor plaintiff Satfinance Investment Limited:**

Judd B. Grossman, Esq.
Lindsay E. Hogan, Esq.
Grossman LLP
745 Fifth Avenue, 5th Floor
New York, New York 10151
jgrossman@grossmanllp.com
lhogan@grossmanllp.com
(646) 770-7445

   c. **Interested party and intervenor plaintiff Delahunty Limited d/b/a Delahunty Fine Art:**

Gregory A. Clarick, Esq.
Melissa C. Holsinger, Esq.
Clarick Gueron Reisbaum LLP
220 Fifth Avenue, 14th Floor
New York, New York 10001
gclarick@cgr-law.com
mholsinger@cgr-law.com
(212) 633-4310

2. **Nature of the Proceedings and Summary of the Facts**:

The U.S. Action is a civil proceeding arising out of a property-ownership dispute involvingthe Basquiat painting. On March 31, 2017, Athena entered into a Loan and Security Agreement pursuant to which it extended a loan commitment to Boxwood in the amount of $10 million (later increased to $13.5 million), collateralized with certain artworks and guaranteed both by IPL (as a corporate guarantor) and Philbrick personally.

The same day, Athena filed a UCC-1 statement in the District of Columbia against "all assets of [Boxwood] and all proceeds thereof."

Prior to issuing the loan, Athena performed all necessary due diligence, reviewing and analyzing financial statements of the corporate guarantor, IPL, updated balance sheets, Philbrick's self-reported net worth statements, searches of liens, bankruptcy, judgments, and litigations in England and Jersey. All searches were clear. When the painting later entered into the collateral pool, Athena conducted an extensive due-diligence investigation of the painting and verified that IPL had acquired the painting from the Phillips auction house through a July 27, 2016 bill of sale, confirmed by proof of payments by IPL to Phillips. Athena independently confirmed with the Chief Financial Officer of Phillips that it had received wire payments from IPL's bank account for the purchase of the painting and that title had thereby passed to IPL.

In addition to the aforementioned due diligence, IPL, Philbrick, and Boxwood represented to Athena that Boxwood had full ownership and title to the painting and were not aware of any challenges to provenance or third-party claims. Athena then perfected its security interest pursuant to a number of steps including extensive loan and security documentation, the filing of a UCC-1 statement, and taking full physical possession of the painting into its fine art storage facility in New York.

Two other claimants have stated an interest in the work. Satfinance Investment Ltd. ("SIL") alleges that prior to the Loan, it acquired 50% of the Painting in August 2016 for $9.2 million and extended an additional $3 million loan to Philbrick for the purpose of purchasing it. Delahunty Limited ("Delahunty") also alleges that it acquired a

12.5% interest in the Painting by virtue of an agreement with IPL and the transfer of $2.53 million to IPL in November 2016.

According to documents produced by Delahunty in the U.S. Action, it is currently unclear if Delahunty sold a portion of its alleged interest to Capital Key Holdings Ltd. pursuant to an invoice dated August 1, 2017 (Delahunty Invoice 6022) and as reflected in years of Delahunty's corporate records, or whether, pursuant to an email exchange between Charles Mark Broadley and Damian Delahunty just days before Delahunty made its production of documents, such transaction was cancelled in 2017.

As a direct result of Philbrick's conduct involving the Basquiat painting – and similar conduct involving other artworks – Philbrick was indicted on U.S. federal charges of wire fraud and aggravated identity theft and pled guilty to the former on November 18, 2021. His sentencing is currently scheduled for May 23, 2022. *See United States v. Philbrick*, Case No. 20-cr-351(SHS) (S.D.N.Y.).

Satfinance commenced proceedings in England in November 2019, where IPL was incorporated and where Philbrick was believed to be domiciled at the time. Following the dismissal of Satfinance's claims against Athena in the English action on jurisdictional grounds, Athena commenced the U.S. Action seeking a declaratory judgment resolving the competing title claims.

**3.      Evidence to be Obtained and Purpose:**

    **a.      Documents to be Obtained from Capital Key Holdings Ltd.**

- All documents regarding the painting "Humidity" by Jean-Michel Basquiat.
- All documents relating to Delahunty Invoice 6022 dated August 1, 2017.

6

- All documents relating to wire transfers made in connection with the painting and/or Delahunty Invoice 6022.

- All documents relating to the August 3, 2017 Settlement Statement invoiced to Capital Key Holdings Ltd. which specifically refers to the acquisition of an 8% share of Jean-Michel Basquiat's "Humidity" for $1,760,000.00.

- All documents relating to the alleged August 23, 2017 cancellation of Invoice 6022 dated August 1, 2017.

- All documents relating to the May 11, 2021 email between Damian Delahunty and Charles Mark Broadley regarding the alleged cancellation of Invoice 6022.

- Any and all documents relating to Capital Key Holding Ltd.'s interest or the cancellation of the aforementioned interest in Jean-Michel Basquiat's "Humidity."

b. **Documents to be Obtained from Charles Mark Broadley:**

- All documents regarding the painting "Humidity" by Jean-Michel Basquiat.

- All documents relating to Delahunty Invoice 6022 dated August 1, 2017.

- All documents relating to wire transfers made in connection with the painting and/or Delahunty Invoice 6022.

- All documents relating to the August 3, 2017 Settlement Statement invoiced to Capital Key Holdings Ltd. which specifically refers to the acquisition of an 8% share of Jean-Michel Basquiat's "Humidity" for $1,760,000.00.

- All documents relating to the alleged August 23, 2017 cancellation of Invoice 6022 dated August 1, 2017.

- All documents relating to the May 11, 2021 email between Damian Delahunty and Charles Mark Broadley regarding the alleged cancellation of Invoice 6022.

- Any and all documents relating to Capital Key Holding Ltd.'s interest or the cancellation of the aforementioned interest in Jean-Michel Basquiat's "Humidity."

4. **Purpose of the Evidence Sought:**

The deposition testimony and documents are sought for use at a trial in the

U.S. Action and will help clarify issues related to the claims and defenses of each of

the parties related to their corresponding interests in the painting including whether Delahunty sold 8% of its alleged 12.5% interest in the painting to Capital Key Holdings Ltd. (as documented in Delahunty Invoice 6022 and multiple years of Delahunty's corporate records) or whether – pursuant to an email dated May 11, 2021, just days before Delahunty produced documents in the U.S. action – such transaction had been cancelled in 2017 and the circumstances behind such email.

The Court requests that the documents be certified by a responsible officer of Capital Key Holdings, Ltd. and Charles Mark Broadley, by deposition of Mr. Broadley or other responsible person acting in behalf of Capital Key Holdings, Ltd., for their admissibility in the U.S. Action.

Dated: New York, New York
       May 13, 2022

SO ORDERED:

_____
Honorable Valerie Figueredo
United States Magistrate Judge