

745 Fifth Avenue, 5th Floor, New York, NY 10151
T. 646-770-7445   F. 646-417-7997
GROSSMANLLP.COM

June 14, 2022

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York  10007

      Re:    *Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982, in Rem*, **Case No. 20 Civ. 4669 (GBD) (VF)**

Dear Magistrate Judge Figueredo,

      We write on behalf of Satfinance Investment Limited ("SIL") to oppose Plaintiff's request (Dkt. No. 125) to adjourn the June 16, 2022, discovery conference—to be the first in the two-year history of this case—which we submit is critical to address Plaintiff's admitted discovery failures.

      Fact discovery in this case closed on June 10 (after numerous adjournments).  (Dkt. No. 105; *see also* Dkt. Nos. 52, 84, 94.)  Yet Plaintiff now essentially seeks to leverage its own egregious, admitted discovery failures as an opportunity to pursue a "do-over" of discovery—to wipe the slate clean and re-open discovery among the parties.  (*See* Dkt. No. 125 at 2–3.)  Indeed, late last night, *after* filing its letter to the Court, Plaintiff advised SIL by email that it will not so much as undertake the effort of "de-duping" its forthcoming production, instead seeking to shift that considerable expense to SIL:  "Athena intends to produce both internal and external responsive communications identified through its review, even if those documents are duplicative of documents produced in prior productions."  There is absolutely no basis for a re-do of discovery, especially where SIL timely served objections to Plaintiff's document requests and substantially completed its document production long ago.  Plaintiff, in contrast, admittedly failed to serve responses and objections to SIL's document requests—thereby waving any basis to withhold documents, especially at this late juncture—and then apparently failed to collect and review "275,000 documents" from various critical custodians (Dkt. No. 125, at 1), resulting in the total absence from its aggregate production to date of entire basic categories of documents, including a single internal email, as well as many responsive external communications.

      Plaintiff's attempt to criticize SIL in its recent letter is a classic case of misdirection.  Not only are Plaintiff's superficial attacks based on total-pages-produced misguided, but Plaintiff has missed the boat, having raised these claims with the Court for the first time *after* the close of discovery.  In any event, it should come as no surprise that the total volume of SIL's production is relatively small, where SIL merely purchased an artwork.  Plaintiff, in contrast, admittedly had several custodians working in concert to negotiate a complex loan involving its alleged proprietary "due diligence checklist," which explains the many tens of thousands of documents Plaintiff now intends to review for the first time.

Hon. Valerie Figueredo
June 14, 2022
Page 2 of 2

      Plaintiff filed this action just over two years ago, and since then it has consistently dragged its feet with regard to the most basic obligations of discovery. Plaintiff should not be permitted to use its substitution of counsel to erase those failures. SIL respectfully submits that the Court should (i) compel Plaintiff to promptly produce all outstanding responsive documents; (ii) hold that Plaintiff may not withhold any documents on the basis of any objection, including purported privilege grounds; (iii) require Plaintiff, at its own expense, to "de-dupe" its next production(s); and (iv) deny Plaintiff's requests for additional documents from SIL. To address these, and related, issues, SIL respectfully requests that the Court deny Plaintiff's request to adjourn indefinitely the June 16 conference.

                                                                             Respectfully submitted,

                                                                             Webster D. McBride

cc:      All counsel of record (via ECF)