

Christine V. Sama
+1 212 459 7369
csama@goodwinlaw.com

The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com

June 23, 2022

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10151

      Re:      **Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat entitled Humidity, 1982, In Rem, No. 20 Civ. 4669**

Dear Judge Figueredo:

      We write on behalf of Athena Art Finance Corporation ("Athena") to follow up on matters raised by the Court at the June 16, 2022 discovery conference (the "June 16 Conference"), in particular whether Athena's right to challenge Satfinance Investment Ltd.'s ("SIL") and Delahunty Limited's ("Delahunty") failure to produce documents was somehow waived by a failure to object to deficiencies in a timely fashion.  As set forth below, there was no such waiver.  Accordingly, Athena requests that the Court order SIL and Delahunty to produce the documents they are withholding by the July 18, 2022 document discovery deadline.

      **I.**      **Athena Timely Challenged SIL and Delahunty's Discovery Deficiencies**

      SIL reported to the Court during the June 16 Conference that Athena had not challenged SIL's and Delahunty's document productions prior to May 2022.  That is not true.  As early as Summer 2021, Athena identified – and sought to negotiate in good faith with the other parties – the deficiencies that Athena now asks the Court to address.  Specifically, as Athena detailed during the June 16 Conference, these issues were raised by letter dated June 30, 2021.  A copy of that letter is attached here as Exhibit A.

      Athena's June 30, 2021 letter seeks to resolve each of the categories of document deficiency outlined in the Athena June 13 Letter (Dkt. 125), including but not limited to SIL's and Delahunty's failure to produce text, WhatsApp, and other electronic messages, as well as their failure or refusal to completely produce entire categories of obviously relevant documents, such as: (1) documents concerning the UK proceedings, (2) communication with insurers, (3) account ledgers of dealings with Philbrick and his entities, (4) payments received from Philbrick and his entities regarding investments, partnerships, co-ownership, acquisitions, and sale of art, (5) communications regarding Athena or Philbrick, (6) communications with the press or media, and (7) power of attorney documents or advisory agreements.



The Honorable Valerie Figueredo
June 23, 2022
Page 2

  Athena raised additional discovery deficiencies by letter dated May 24, 2022 – again, *on the same schedule* that SIL raised the issues Your Honor addressed last week.  See Ex. B.  Since appearing two weeks ago, Athena's counsel has urgently addressed SIL's and Delahunty's discovery grievances.  Yet there has been no reciprocal effort whatsoever – as counsel for SIL told Your Honor, they view this as, in effect, a one-way street.  On June 10, 2022, Athena sent another letter asking SIL and Delahunty to address the deficiencies previously raised in the June 30, 2021 letter.  *See* Ex. C.  We have also had at least two meet and confers to discuss open discovery issues over the last two weeks.  However, despite Athena's good faith efforts, SIL and Delahunty refuse to engage – again, they have not responded to our letter, and counsel cancelled a meet and confer that was set for June 15, 2022, to discuss the issues live.  They have also not provided another time to speak, despite our request that they do so.

  Simply put, *Athena raised its deficiencies on the same schedule and in the same fashion as the other parties, or more promptly*.[1]  Indeed, if anything, Athena has been *more* diligent.  Although SIL and Delahunty *first raised* its grievances regarding Athena's failure to produce "internal communications" in May 2022 (and escalated its issues to the Court nearly immediately thereafter), Athena, by contrast, timely raised the issues it now brings before the Court last summer and then actually attempted to resolve them without Court intervention.  Furthermore, to the extent there was a long period of general discovery delay, that delay, while unfortunate, was not the fault of Athena more than any other party.

  In light of the foregoing, there is no fair basis to conclude that Athena (as opposed to SIL or Delahunty) lacked diligence in raising the discovery deficiencies that are now before the Court.

### II. The Documents SIL & Delahunty Withheld Are Relevant And Ought be Produced

  SIL and Delahunty have not articulated any reason why the documents that Athena seeks are not properly discoverable in this case.  They simply argue that, because they served objections, it is now too late for Athena to press the complaints it has been raising in correspondence since last year, i.e., well before discovery closed. That is not a proper basis for SIL or Delahunty to withhold responsive documents.  The documents are indisputably relevant to the litigation, bearing on, for example, SIL's and Delahunty's claim to own various and shifting percentages of the painting, the legitimacy and credibility of their supposed private "contracts" for shared ownership of the painting, and their personal knowledge of and acquiescence to Philbrick's pledge of the painting as collateral securing a loan from Athena.

  First, SIL and Delahunty are withholding communications amongst them and other relevant parties regarding the painting, including potential undisclosed arrangements related to

---

[1] In reviewing the file, it is also fair to say that for several months (August 2021 to May 2022) there was precious little pretrial progress in the case.  Neither side did much of anything – i.e., a shared lack of progress for which all parties are responsible and for which Athena should not be the only party penalized.



The Honorable Valerie Figueredo
June 23, 2022
Page 3

its ownership and permitted use.  Second, any communications between the parties relating to Athena or the loan Athena made to Mr. Philbrick must be disclosed for the same reason.  It is hard to conceive of any reason why SIL or Delahunty – who have never had a business relationship with Athena – would discuss Athena for any reason unrelated to this dispute.  Yet they have not agreed to search for, review or produce those documents, or even discuss them.

Finally, in light of the long business and social history between the parties, we believe many relevant communications took place over text message and chatting applications as opposed to regular business channels like email.  Yet SIL has produced few text messages and Delahunty has produced none.  SIL and Delahunty must search and produce text and chat communications on the topics raised in this letter (and other subjects) as soon as possible.

### III.   Additional Context Regarding The Late Objections

During the conference, Your Honor asked why Athena had not, until recently, served objections to a subset of discovery requests, and from there did not produce the "internal communications" until now.  This was a mistake by predecessor counsel who withdrew from this case after their failure to serve the written objections was raised by opposing counsel in May 2022 (last month).  Counsel's failure to serve objections was inadvertent – the objections were prepared in March 2021, but they mistakenly were never served until last month.  *See* Ex. D.  There certainly has not been any knowing or willful waiver by Athena, which first learned of counsel's mistake last month.  Critically, the internal communications were appropriately preserved and, as the Court is aware, the undersigned committed to their urgent and now-ongoing production.

\*                               \*                               \*

Since last week's conference, Athena has delivered on its commitment to rush produce the "internal communications," having already produced hundreds of pages.  Athena is on track to finish that process by the July 18, 2022 deadline just set by the Court.  SIL and Delahunty, by contrast, have not even yet produced the handful of pages that counsel acknowledged they still owe, and have refused to even discuss the full categories of documents that they have withheld and that Athena seeks that they be ordered to produce by this letter.

In light of the above, Athena requests that the Court (1) order SIL and Delahunty to produce all responsive documents to Athena's document requests that SIL and Delahunty are withholding on the basis of improper objections or otherwise, and (2) extend all case deadlines by sixty days following the end date for document discovery to allow Athena to receive the documents it does not yet have, complete its document production, and to permit the parties to review those documents before expert disclosures are required under the current schedule (which now is set for **June 24, 2022**, which respectfully is not workable as it precedes the document discovery deadline).  We thank the Court for its continued attention to these issues.



The Honorable Valerie Figueredo
June 23, 2022
Page 4

                                                Respectfully submitted,

                                                Christine V. Sama

                                                *Counsel for Athena Art. Finance Corp.*

cc:     Counsel of Record (via ECF)