# EXHIBIT A

# MAZZOLA LINDSTROM LLP

---

Wendy J. Lindstrom  
wendy@mazzolalindstrom.com

T: 646.216.8440  
M: 516.680.2889

June 30, 2021

Lindsay Hogan, Esq.  
Judd Grossman, Esq.  
Grossman LLP  
745 Fifth Avenue, 5th Floor  
New York, New York 10151

RE: **Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat entitled Humidity, 1982**  
**Docket No.: 20-cv-04669**

Dear Lindsay and Judd:

It is unfortunate that the mediation on June 21st was unsuccessful. Given that this case will be proceeding, we are hereby responding to your letter of June 3rd regarding purported deficiencies in Athena's production, your renewed subpoena for the deposition of Andrea Danese and deficiencies in Satfinance's production, from Athena's perspective.

## Response to Satfinance Deficiency Letter

Athena has, to date, produced 2,367 pages of documents (whereas Satfinance has produced only 463 pages). Athena is also currently reviewing additional documents with an eye toward making an additional production. With regard to redactions in Athena's production, please note that nothing of relevance to this matter has been blacked out, and we note also that there are redactions throughout Satfinance's production.

## Deposition of Andrea Danese

With regard to your June 23, 2021 subpoena for the deposition of Mr. Danese on July 7, please be advised that he is available to proceed on that date. Accordingly, please let us know by no later than tomorrow afternoon if you wish to proceed with his deposition on July 7.

## Deficiencies in Satfinance Production

**Text Messages and/or Whatsapp Messages:** Satfinance's production included only one screen shot of text messages between Sasha Pesko and Inigo Philbrick (SATF_HUM0000394), thereby indicating that while Mr. Pesko is still in possession of his text messages with Mr. Philbrick, Satfinance has for some reason not produced all relevant messages. Please produce immediately all text messages, whatsapp messages and any other electronic messages that are covered by Athena's Requests.

**Request #11 - All Documents and Communications concerning the undertaking posted in the United Kingdom proceedings relating to the Painting.** Satfinance objected to this request on relevance and privilege grounds, but did not state that it would produce all relevant, non-privileged documents in its possession. Promptly produce all non-privilege documents concerning the undertaking posted in the United Kingdom.

**Request #12 - All Documents and Communications with Insurers regarding the Painting**. Satfinance unilaterally changed this request into a request for documents and communications "sufficient to show insurance coverage of the Painting." This is not the same as Athena's broader request, and there can be no argument that communications with any insurers regarding the Painting are relevant for the purposes of this action. Promptly produce all documents and communications with insurers regarding the Painting.

**Request 18 - All Documents and Communications relating to any ledger of accounts between SIL and Philbrick, IPL and the Philbrick Entities.** Satfinance objected to the Request as overbroad and unduly burdensome to the extent it seeks "[a]ll Documents and Communications relating to any ledger of accounts" without regard to the relevance of such documents to any party's claims and defenses in this action. Where the record is clear that Satfinance and Philbrick/IPL/the Philbrick entities were engaged in multiple simultaneous transactions and Satfinance is making a claim to the Painting based upon monies paid – and allegedly loaned – to Philbrick/IPL, it is beyond the pale to argue that a ledger of accounts is irrelevant. Athena must be able to trace the monies Satfinance paid to and received from the Philbrick entities. Promptly produce all documents and communications relating to any ledger of accounts between SIL and Philbrick, IPL, and the Philbrick Entities.

**Request #19 - Records of all payments received from Philbrick, IPL or the Philbrick Entities in relation to investments, partnerships, co-ownership, acquisitions and sales of artworks.** Satfinance has once again unilaterally narrowed this request, and stated it would produce all "non-privileged documents and communications in its possession, custody or control concerning all payments received from Philbrick, IPL or the Philbrick Entities relating to the Painting." To the extent Satfinance received any payments from Philbrick, IPL or the Philbrick Entities concerning the purported $3 million loan to Philbrick under the August 11, 2016 agreement, promptly produce documentation of any such payments.

**Request #21 - Communications with Julie Joseph regarding the Painting, Athena and/or Philbrick.** Satfinance narrowed this request once again; stating that it will produce all "non-privileged documents and communications in its possession, custody or control with Julie Joseph regarding the Painting during the Relevant Period." If Satfinance communicated with Ms. Joseph regarding either Athena or Philbrick, such communications are presumptively relevant. Promptly produce all communications with Ms. Joseph regarding Athena and/or Philbrick during the relevant period.

**Request #22 - Communications with Dr. Dieter Buchhart and or Anna Karina Hofbauer regarding the Painting, Athena and/or Philbrick.** Satfinance narrowed the scope of this request in the same manner as Request #21 above. Promptly produce all communications

2

with Dr. Buchhart and/or Anna Karina Hofbauer regarding Athena and/or Philbrick during the relevant period.

**Request #23 - Communications with Andre Sakhai regarding the Painting, Athena and/or Philbrick.** Satfinance narrowed the scope of this request in the same manner as Request #21 and Request #22 above. Promptly produce all communications with Andre Sakhai regarding Athena and/or Philbrick during the relevant period, including but not limited to Mr. Pesko and Mr. Sakhai's communications regarding Mr. Philbrick's "confession" in October, 2019.

**Request #24 – Request #31** – Each of these responses have been narrowed to exclude communications regarding Athena and/or Philbrick. Promptly produce the documents and communications as requested.

**Request #32 - Communications with members of the press or media, including but not limited to any filmmakers, regarding Painting, Athena and/or Philbrick.** Satfinance objected to Request #32 on relevance and privilege grounds, but did not affirmatively state that it would produce on all non-privileged documents. Communications with the press or media regarding the Painting, Athena and/or Philbrick are relevant. Promptly produce all such communications.

We are of course available to meet and confer regarding all of the above. In the meantime, kindly advise whether the deposition of Mr. Danese will proceed on July 7, 2021.

Yours,

Mazzola Lindstrom LLP

*Wendy J. Lindstrom*

Wendy J. Lindstrom
*Counsel to Athena Art Finance*
cc: All counsel of record (via email)