

745 Fifth Avenue, 5th Floor, New York, NY 10151
T. 646-770-7445   F. 646-417-7997

GROSSMANLLP.COM

June 28, 2022

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York  10151

  Re: ***Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat, In Rem***
    **Case 1:20-cv-04669 (GBD) (VF)**

Dear Magistrate Judge Figueredo,

  We write on behalf of Intervenor-Plaintiff Satfinance Investment Limited ("SIL") under Rule I.a of the Court's Individual Rules in response to the June 23, 2022, letter (Dkt. No. 134) that the Court directed Athena to file providing:  (i) any "letters dated after August 30, 2021" from Athena challenging SIL's timely objections and responses to Athena's document requests; and (ii) "an explanation from in-house counsel for Athena for why [Athena's] documents weren't collected earlier." (Ex. A at 13:7–12, 16:20–22.)  Remarkably, Athena has provided neither.  In the case of the alleged letters, because none actually exists, despite Athena's repeated assurances to the Court that they do; and as for an explanation from in-house counsel, apparently because Athena simply refuses to provide one.  In any case, Athena's submission only provides more questions than it does answers.

### Athena Misled the Court About the Existence of Alleged Discovery Objections; Athena Has Not Corrected Its Prior Misstatements to the Tribunal

  This Court observed at the June 16 conference that "I do think that unless there's some letters from the fall of '21 raising these objections on those documents, [] the objections raised in May of 2022 would be untimely." (Ex. A at 19:11–14.)  In response, Athena's counsel—several times—assured the Court that it possessed such letters and it would produce them to the Court:

> THE COURT: Well, let me just ask you, if they're not new issues, then presumably you'd have letters dated after August 30, 2021 and something far less recent than last week where you would've raised objections to their objection.
>
> MS. SAMA: We do, Your Honor.
>
>     \*  \*  \*
>
> THE COURT: I'd like to just see the letters where these issues were raised in the fall of 2021.

Hon. Valerie Figueredo
June 28, 2022
Page 2 of 3

>     MS. SAMA:     No problem, Your Honor. . . . We understand, Your Honor. We'll provide the letters.

(*Id.* at 13:7–12; 17:4–8; 19:11–16.) Remarkably, despite these numerous unqualified assurances to the Court, Athena has not produced these letters. Accordingly, as the Court already noted at the June 16 conference, Athena's recent "objections raised in May of 2022" are "untimely." (*Id.* at 19:11-14.)

More incredibly, in its letter Athena nowhere addresses this issue, let alone corrects these prior false statements of material fact to the tribunal, as it is obligated to do. Instead, Athena doubles down on its baseless claims that its continued discovery failures should be excused because there has been "precious little pretrial progress in this case." That statement, too, is misleading. After SIL substantially completed its document productions, it produced three witnesses for deposition, in one case requiring travel here from the United Kingdom in light of Athena's refusal to conduct the examination virtually. Athena, for its part, has produced none. And these depositions would have been completed far earlier, as SIL had proposed, but for Athena's unilateral adjournments, and its recently admitted discovery failures, resulting in Athena's commitment now to essentially start its document collection from scratch.

Even had Athena preserved its objections—to be sure, it has not—they would fail. For example, Athena tells the Court that SIL has produced "few text messages." Once again, though, that statement is simply false, where SIL has produced over four hundred pages of text messages (Athena, in contrast, has produced none). Athena also asserts that "SIL and [Interested Party] Delahunty are withholding communications amongst them and other relevant parties regarding the painting, including potential undisclosed arrangements related to its ownership and permitted use." Athena provides absolutely no basis for this mystifying claim, because it has none. Indeed, SIL always agreed to—and actually did—produce all its documents concerning "the Painting."

### Athena Has Not Complied with the Court's Directive to Provide "An Explanation from In-house Counsel" Regarding Its Discovery Failures

Athena's discovery failures are shocking, as even Athena's new counsel agrees: "I'm surprised as well, Your Honor." (Ex. A at 16:23.) Accordingly, this Court directed Athena to provide "an explanation from in-house counsel for Athena for why these documents weren't collected earlier." (*Id.* at 16:14-22.) Athena has disobeyed the Court's directive.

Athena does not even attempt to offer an explanation—at all, let alone from its in-house counsel—for its failure to conduct an appropriate document collection. Athena's singular focus on only "internal communications" that it failed to collect and produce, rather than *all* such missing documents, yet again heightens concerns that Athena continues to not be forthcoming in this process.

The only "explanation" that Athena actually does provide—that prior counsel's "failure to serve objections was inadvertent" and Athena "first learned of counsel's mistake last month"—is, once again, demonstrably false. As early as April 29, 2021, SIL first notified the Court that "despite repeated assurances, Athena has not provided any written responses." (Ex. B.) If, as

Hon. Valerie Figueredo
June 28, 2022
Page 3 of 3

Athena now says, "the objections were prepared in March 2021," then presumably SIL's letter to the Court the following month would have prompted Athena to take corrective action then, not wait until over a full year later.

Equally troubling, Athena does not even attempt to explain why to this day it still has failed to provide *any* written responses or objections to SIL's second set of document requests (served in July 2021) which are even more comprehensive than SIL's initial requests. (Ex. C.) In any case, the explanation from Athena's new litigation counsel—and the absence of any explanation, as the Court directed, from its in-house counsel—only heightens concerns, demanding a more fulsome explanation about what actually happened and why.

### Athena's Recent Small Production Contains Previously Produced Documents Notwithstanding Its Assurances to the Court that "We Are Happy to De-Duplicate"

Athena boasts in its letter to the Court that of the nearly 300,000 documents it has now collected, it "already produced hundreds of pages." Incredibly, though, despite assuring the Court that "we are happy to de-duplicate or not to duplicate in any different way" (Ex. A at 20:9–10), this promise also was false, as its recent production includes some of the same documents that it already produced. (*Compare, e.g.*, Athena_00003593–3594 (produced on June 21, 2022) *with* Athena_Production 00246-0247 (2021 production of identical email chain).) Under the circumstances, Athena should not be permitted to improperly shift to SIL the costs and expenses of having to re-review documents already produced. Especially where Athena already committed to doing so, we again respectfully submit that the Court should order Athena to de-dupe the entirety of its forthcoming productions.

\* \* \*

In light of the foregoing, it simply strains credulity for Athena to now claim—as not even its predecessor counsel had the temerity to do—that "Athena has been more diligent" than SIL in meeting its discovery obligations. As we described to the Court at the conference, Athena has committed "egregious failures, quite frankly, the most egregious [we've] seen absent intentional spoliation." (Ex. A at 9:24–10:4.) Athena's recent submission does nothing to allay—indeed, it only heightens—those concerns. And for these reasons, we respectfully submit that the Court should (i) require Athena to submit a complete explanation directly from its in-house counsel, (ii) order Athena to de-dupe all its future productions, and (iii) overrule Athena's recent untimely objections to SIL's timely document productions.

Respectfully submitted,

*/s/ Judd Grossman*

Judd B. Grossman

Enclosures

cc:   All counsel of record (via ECF)