

Gregory A. Clarick
gclarick@cgr-law.com
Direct: 212.633.4313

**By ECF**                                                                           June 28, 2022

Hon. Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, NY 10007

      Re:    *Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat entitled Humidity, 1982, in Rem,* Case No. 20 Civ. 4669

Dear Magistrate Judge Figueredo:

      We write on behalf of Interested Party and Counterclaim Plaintiff Delahunty Limited in the above-captioned matter in response to Plaintiff Athena Art Finance Corp.'s letter, dated June 23, 2022. (ECF No. 134.) The Court should reject Athena's belated attempt to re-open document discovery from Delahunty after the May 2, 2022 document discovery and June 10, 2022 fact discovery deadlines in the action. (ECF No. 105.)

      On May 14, 2021, and August 30, 2021, respectively, Delahunty served Responses and Objections to Athena's First and Second Set of Document Requests, agreeing to produce certain requested documents and objecting to the production of others. In response, Athena did not contest Delahunty's objections or seek to confer about them. Accordingly, Delahunty collected, reviewed, and produced its documents consistent with its Responses and Objections (including by collecting and reviewing for potential production of text, WhatsApp, and other electronic messages). Delahunty completed its production on August 27, 2021, many months before the May 2, 2022 fact discovery deadline. (ECF No. 105.) Athena did not raise any issue with the scope of Delahunty's Responses and Objections or about the content of its production at that time. On May 4, 2022, Athena then took the deposition of Delahunty's representative, Damian Delahunty.

      Seeking to claim that it did timely raise issues concerning document discovery from Delahunty, Athena now claims it challenged "SIL *and Delahunty's*" alleged discovery deficiencies in a June 30, 2021 letter. (ECF No. 134 (emphasis added).) The claim is false. As the letter itself reflects, Athena addressed its June 30, 2021 letter to counsel for SIL *only*, not to counsel for Delahunty and, in the letter, Athena did not raise *any* deficiencies with Delahunty's Responses and Objections or its document production. (*See* ECF No. 134-1.) Accordingly, Athena has submitted no evidence that it raised any timely objection—because it did not.

      In reality, Athena did not write to Delahunty about its production until May 24, 2022, just as Athena's own admitted failure to collect and review "more than 275,000" documents (ECF

No. 125) was coming to light.  The timing speaks for itself.  Athena's effort to renegotiate the scope of document discovery came far too late and is untimely.  The Court should reject it.  (*See* ECF No. 136-1 at 19:11-14 (June 16, 2022 conference transcript) (Court: "I do think that unless there's some letters from the fall of '21 raising these objections on those documents . . . the objections raised in May of 2022 would be untimely").)

      In light of the foregoing, Delahunty respectfully requests that the Court deny Plaintiff's request for additional document discovery from Delahunty.

      Respectfully submitted,

      */s/ Gregory A. Clarick*
      Gregory A. Clarick

Cc:  Counsel to all parties