

Christine V. Sama
+1 212 459 7369
csama@goodwinlaw.com

The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com

November 8, 2022

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10151

>   Re:   **Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat entitled Humidity, 1982, In Rem, No. 20 Civ. 4669**

Dear Judge Figueredo:

We write respectfully on behalf of Athena Art Finance Corporation ("Athena") to provide additional support regarding Athena's claim of privilege over two documents that were submitted for *in camera* review in connection with Athena's September 16, 2022 letter reply to Satfinance Investment Limited's ("SIL") motion to reopen the deposition of Michael Weisz (ECF. No. 143) (the "Privileged Documents"). For the reasons below, both documents are properly the subject of work-product and attorney-client privilege protections and are not subject to disclosure.

## I.   The Privileged Documents

On May 10, 2022, SIL served Mr. Weisz, the President of Athena's parent company Yieldstreet, with a subpoena requesting certain documents created after the commencement of this action. Two documents were identified as responsive to the subpoena request, withheld as privileged, and included on Athena's privilege log. The first ("Privileged Document 1") is an April 26-29 2022 email communication between Yieldstreet's in-house counsel Vijay Dewan and Mr. Weisz reflecting legal advice and work-product concerning strategy for this litigation, including in response to an oral request by Mr. Weisz for advice related to communications between a Yieldstreet director and Mr. Weisz regarding ongoing settlement communications with SIL's principal, Sasha Pesko. The second ("Privileged Document 2") consists of text messages dated April 27, 2022 between Mr. Weisz and the Yieldstreet director reflecting the legal advice provided by Mr. Dewan regarding the possibility of settlement.

## II.   The Privileged Documents Are Attorney Work-Product and Attorney-Client Privileged

Federal Rule of Civil Procedure 26(b)(3) protects from discovery attorney work-product made in preparation for litigation. *Johnson v. Walter Thompson U.S.A., LLC*, 16 Civ. 1805 (JPO)(JCF), 2017 WL 3432301, at *5 (S.D.N.Y. Aug. 9, 2017). Any material prepared by a



The Honorable Valerie Figueredo
November 8, 2022
Page 2

party or its representative in anticipation of litigation is so protected.  *Id.*  The materials need only "fairly be said to have been prepared or obtained <u>because of</u> the prospect of litigation."  *Id.* (emphasis in original) (citing *Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015)).  "The purpose of the doctrine is to establish a sphere of privacy for strategic litigation planning and to prevent one party piggybacking on the adversary's preparation."  *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995).

Additionally, the attorney-client privilege covers communications of a predominately legal character concerning the corporation between employees, managers, and both in-house and outside counsel.  *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D 482, 491 (S.D.N.Y. 2019) (internal quotation omitted) (quoting *Rossi v. Blue Cross & Blue Shield of Greater N.Y.*, 73 N.Y.2d 588, 593 (N.Y. 1989)).  It is not waived when communications are shared with a company's outside directors.  *See Strougo v. BEA Associates*, 199 F.R.D. 515, 525 (S.D.N.Y. 2001) (finding attorney-client privilege extended to an outside director when they shared a common legal interest with the inside directors).  Further, as "the decision-making power of the corporate client may be diffused among several employees," the attorney-client privilege protects the same confidential communications originally held between counsel and client when they are shared between managers and employees.  *Bank Brussels Lambert v. Credit Lyonnais*, 160 F.R.D. 437, 441-442 (S.D.N.Y. 1995) (applying federal attorney-client privilege); *see also Delta Fin. Corp. v. Morrison*, 829 N.Y.S.2d 877, 885 (N.Y. Sup. Ct. 2007).  Thus, it is not necessary that an attorney directly participate in the particular communication for it to be privileged, so long as the client communication is confidential and reflects counsel's legal advice.  *See id*.

Privileged Document 1 contains only discussions between corporate counsel and a corporate director regarding settling this case.  Specifically, Mr. Weisz sought and obtained legal advice from Mr. Dewan to communicate with the outside director regarding ongoing settlement communications with Mr. Pesko.  Privileged Document 2 contains the transmittal of the legal team's advice from Mr. Weisz to the director, with additional information necessary to the provision of the advice.  The Privileged Documents are protected under the work-product doctrine as they were prepared by corporate managers or attorneys in direct response to the litigation.[1]  *See Johnson,* 2017 WL 3432301, at *5 (defining the scope of the work-product doctrine). They rest within the "sphere of privacy" inherent to the attorney's and client's process in responding to litigation.  *Adlman*, F.3d 1495 at 1501.  Furthermore, they are archetypal communications protected by the attorney-client privilege.  *See Strougo*, 199 F.R.D. at 525; *Bank Brussels Lambert*, 160 F.R.D. at 441-442 (stating that attorney-client privilege attaches to confidential communications from client to attorney and to advice rendered by the attorney to the client).

---

[1] For the reasons discussed in Athena's September 16, 2022 letter, that Mr. Dasgupta communicated with Mr. Pesko does not constitute any waiver of these privileges.  ECF No. 143 at 3 and FN 1.



The Honorable Valerie Figueredo
November 8, 2022
Page 3

### III.  The Privileged Documents Are Also Irrelevant

The Privileged Documents should not be ordered produced for the additional reason that they are irrelevant and otherwise inadmissible.  Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery of only non-privileged matters relevant to a party's claim or defense.  The Privileged Documents concern communications regarding settlement discussions that ultimately failed.  They contain literally no facts probative of any issue in the dispute to be tried (*i.e.,* any transaction, lien or security interest in or related to the *Humidity*), and thus they should not be the subject of discovery.  Federal Rule of Evidence 408 bars admissibility of any such irrelevant evidence–and thus a Court order requiring disclosure of the documents would serve no pre-trial purpose, but would penalize a litigant for doing precisely what Rule 408 encourages (i.e., trying to settle cases without fear that the effort will come back to bite them). [2]

\*                            \*                            \*

In light of the foregoing, Athena respectfully submits that the Court rule that the Privileged Documents are not subject to disclosure because they are subject to attorney-client privilege and work-product protections, or alternatively because they are inadmissible under Rule 408 and not even probative of any fact in dispute and thus not discoverable under Rule 26. Regardless, in light of the privileges implicated by this letter, Athena further respectfully requests that any ruling by the Court as to these two particular Privileged Documents be explicitly limited to these two documents, and made without prejudice or waiver to Athena's right to support and defend any future challenges to Athena's privilege on an individual, document-by-document (or in the case of testimony, question-by-question) basis.[3]

Thank you for your consideration of this letter.

---

[2] For the same reason, courts refuse to allow deposition questions into settlement matters protected by Rule 408 – even where, unlike here, the discovery sought is not also the subject of a claim of privilege and work product. *See, e.g.*, *Cornell Univ. v. Hewlett-Packard Co.*, No. 01-CV-1974, 2008 WL 2223122, at \*1 (N.D.N.Y. May 21, 2008) (excluding deposition testimony regarding settlement offers under FRE 408); *Alcan Int'l Ltd. v. S.A. Day Mfg.*, 179 F.R.D. 403, 405 (W.D.N.Y. 1998) (refusing to compel deposition where "evidence sought . . . squarely within the exclusionary language and rationale of [Rule] 408").

[3] *See e.g., Fin. Tech. Int'l, Inc. v.* Smith, No. 99 CIV. 9351 GEL RLE, 2000 WL 1855131, at \*3 (S.D.N.Y. Dec. 19, 2000) (determining that issues concerning attorney-client privilege should be determined on a "case by case" basis").



The Honorable Valerie Figueredo
November 8, 2022
Page 4

                                                Respectfully submitted,

                                                */s/* Christine V. Sama

                                                Christine V. Sama
                                                *Counsel for Athena Art Finance Corp.*

cc:      Counsel of Record (via ECF)