

745 Fifth Avenue, 5th Floor, New York, NY 10151
T. 646-770-7445  F. 646-417-7997
GROSSMANLLP.COM

November 15, 2022

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York  10151

>  Re:   *Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat, In Rem*
>  Case 1:20-cv-04669 (GBD) (VF)

Dear Judge Figueredo,

      We write on behalf of Intervenor-Plaintiff Satfinance Investment Limited ("SIL") in response to Athena's November 8, 2022, letter (Dkt. No. 153) asking this Court to reverse its ruling (i) rejecting Athena's untimely and baseless assertion of privilege, and (ii) requiring Athena to disclose communications concerning its executive's wrongful contact with SIL's 30(b)(6) witness, Sasha Pesko, on the eve of his deposition.  The Court's decision is well founded, and Athena has offered no reason for the Court to reconsider its earlier ruling.  Especially where Athena's counsel has now reaffirmed that counsel directed Mr. Weisz's threatening communications aimed at Mr. Pesko—thereby violating the express prohibitions against such contact under the Rules of Professional Conduct—SIL respectfully requests that the Court make explicit that Mr. Weisz's testimony on this subject likewise cannot be shielded by the privilege (even if the Court is not now permitting SIL to re-open the examination).

**Athena Waived Any Privilege that Might Have Protected
Mr. Weisz's Communications Concerning Possible Witness Tampering**

      Athena waived any privilege that may have arguably applied to the communications at issue when Mr. Dasgupta, an outside director of Yieldstreet (Athena's parent company), selectively disclosed to Mr. Pesko—at the direction of Mr. Weisz, Yieldstreet's President—the substance of (i) his conversations with Mr. Weisz about Mr. Pesko's upcoming deposition, and (ii) Mr. Weisz's conversations with counsel about the same topic (*see* Ex. A, Apr. 27, 2022, WhatsApp messages between Mr. Dasgupta (white) and Mr. Pesko (green) (among other things, forwarding Mr. Weisz's message asking Mr. Dasgupta to contact Mr. Pesko on the eve of his deposition to advise that "the lawyers are going to go deep on the deposition which might be materially damning to [him]")), all for purposes of threatening SIL to try to gain settlement leverage for Athena.  *See, e.g.*, *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 468 (S.D.N.Y. 1996) (attorney-client privilege waived by voluntarily disclosure to third party); *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993) (work-product protection waived by voluntary disclosure to adversary); *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985) ("[T]he power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors.").  Under the "fairness doctrine," the scope of

Hon. Valerie Figueredo
November 15, 2022
Page 2 of 3

such waiver extends at least to the remainder of the communications selectively disclosed—*i.e.*, the complete email and WhatsApp chains at issue here. *See, e.g.*, *Berkley Custom Ins. Managers v. York Risk Servs. Grp., Inc.*, No. 18-cv-9297 (LJL), 2020 WL 5439636, at *4 (S.D.N.Y. Sept. 10, 2020) ("[D]isclosure of one portion of a privileged communication in the course of litigation constitutes an 'implied waiver of privilege over the entire communication[.]"); Fed. R. Evid. 502 (waiver of attorney-client privilege and work-product protection extends to undisclosed communication concerning "same subject matter" that "ought in fairness to be considered together" with intentionally disclosed material).[1]  For these reasons, the Court's decision is supported by the governing authority, and there is no basis for the Court to reverse its ruling directing Athena to produce the communications at issue.

## The Communications Will Further Illuminate Athena's Misconduct

The seriousness of Athena's misconduct should not be lost among discussions of privilege. Although Mr. Weisz refused to testify about the threatening communications based on counsel's overbroad privilege assertions—which this Court has now rejected—the documents themselves prove the misconduct, even absent a concrete showing of "prejudice."  There can be no question that it is unlawful to threaten a witness, on the eve of deposition, with imminent exposure as a fraud.  Although the threats of exposing a fraud here are baseless—the government has identified SIL as a victim—the purpose of such threats is to try to impair the witness's focus and demeanor, which is precisely why witness tampering under New York law applies to any attempt to intimidate a witness, regardless of the outcome of such misconduct:

> A person is guilty of tampering with a witness when, knowing that a person is or is about to be called as a witness in an action or proceeding, [] he wrongfully *induces or attempts to induce* such person to absent himself from, or otherwise to avoid or seek to avoid appearing or testifying at, such action or proceeding[.]

N.Y. Penal Law § 215.10 (emphasis added); *see also People v. Henderson*, 265 A.D.2d 573, 573 (2d Dep't 1999) ("[A] defendant's attempt to instill fear in a victim or witness is sufficient to establish [witness tampering] regardless of whether he was successful.").  Athena therefore is totally off-base to argue—quite incredibly—that such threats are "precisely what Rule 408 encourages." (Dkt. 153 at 3.)

Because Athena's conduct was wrongful, even absent a showing of concrete "prejudice," SIL should be permitted to probe exactly who was knowledgeable about, and responsible for, that misconduct.  This is especially true given Athena's track record in this case:  first, failing for two years to produce a single internal communication (without explanation) (*see generally* Dkt. No. 110); then, providing a Court-Ordered affirmation from its in-house counsel that failed to indicate

---

[1] Athena's November 8 letter addresses waiver only by referring back to the "discuss[ion]" in its September 16 letter.  (Dkt. No. 153 at 2 n.1.)  That discussion comprised a single sentence, falsely stating the law and contradicted by the case cited to support it, and a footnote citation to an inapposite FOIA decision rejecting a waiver argument grounded in bare speculation about the contents of a memo that, unlike here, had not been selectively disclosed for the litigant's gain. (Dkt. No. 143 at 3 & n.1.)

Hon. Valerie Figueredo
November 15, 2022
Page 3 of 3

a single document-retention step that Athena took in response to this lawsuit (*see* Ex. B, Aug. 26, 2022, R. Fine Decl.); and now, violating the New York Rules of Professional Conduct in order to threaten reputational harm to SIL's 30(b)(6) witness on the eve of his deposition.  Ultimately, SIL should be permitted to hold any responsible party appropriately accountable, and Athena should not be able to further shield that information behind now-rejected claims of privilege, as they did throughout Mr. Weisz's deposition, when he refused to answer the most basic questions:

> Q: Do you recall in or around the end of April 2021, Mr. Dasgupta passing on a message to you about conversations he had with Mr. Pesko about this litigation?
>
> *       *       *
>
> Q: Did you intend that the message be conveyed to Mr. Pesko that continuing with the litigation would publicly expose him as shady?

(Weisz Depo. Tr. 45:3–46:7, 59:19–60:3.[2])

For these reasons, SIL respectfully requests that the Court affirm its prior ruling, and at the same time expressly reject Athena's assertions of privilege at Mr. Weisz's deposition over his communications with Mr. Dasgupta regarding Mr. Pesko.

Respectfully submitted,

Webster D. McBride

Enclosures

cc:   All counsel of record (via ECF)

---

[2] We refrain from quoting Mr. Weisz's responses only because Athena has designated confidential the entirety of his deposition transcript.