# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATHENA ART FINANCE CORP., <br><br> *Plaintiff*, <br><br> -against- <br> that <br><br> CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *in Rem*, <br><br> *Defendants*, <br><br> SATFINANCE INVESTMENT LIMITED and DELAHUNTY LIMITED d/b/a DELAHUNTY FINE ART, <br><br> *Interested Parties*. | Case No. 20-cv-4669(GBD) <br><br> Hon. George B. Daniels, USDJ |

SATFINANCE INVESTMENT LIMITED
*Intervenor-Plaintiff*,

-against-

ATHENA ART FINANCE CORP. and
that CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982,
*In Rem*,

*Intervenor-Defendants*.

**DECLARATION OF REBECCA L. FINE**

Pursuant to 28 U.S.C. § 1746, Rebecca Fine declares as follows:

1. I am Managing Director, Head of Art Investments, for Athena Art Finance Corporation ("Athena"). Previously, I served as General Counsel for Athena from its founding by The Carlyle Group until its acquisition by Yieldstreet in April 2019, following which I continued as in-house counsel for Athena and Yieldstreet until I assumed my current position last year. Previously, I was in private practice at Schindler Cohen & Hochman LLP, WilmerHale, and Simpson Thacher & Bartlett LLP. I am a member of the New York Bar.

2. As in-house counsel, I provided legal advice to Athena regarding its secured lending transactions with Inigo Philbrick ("Philbrick") and his entity, 18 Boxwood Green Limited (collectively, "Philbrick"), including Athena's perfection of its security interest in *the Humidity* that is the subject of this litigation. Upon Philbrick's default in October 2019, I was the in-house counsel responsible for overseeing Athena's efforts to recover the amounts due, including the supervision of external counsel in private litigations in England and New York (variously, Boies Schiller Flexner LLP, Mazzola Lindstrom LLP, and Goodwin Procter), as well as in connection with Athena's cooperation as a victim in the criminal prosecution of Philbrick by the U.S. Attorney's Office for the Southern District of New York, which resulted in Philbrick's conviction (in which case we were represented by Sullivan & Cromwell LLP).

3. I make this declaration to confirm the representations of our outside counsel that Athena preserved documents and information within its custody and control that related to the Philbrick lending relationship and the *Humidity* (the "Preserved Material"). I do so in response to the Court's request, but without divulging the substance of my and other counsel's communications with our client.

4. Prior to Athena's commencement of the above-captioned litigation, litigation hold notices had been put in place for other matters that remain in place today. That includes a litigation hold notice that covered "Yieldstreet's (including all affiliates' and subsidiaries') investment offerings, including accelerated payments, late payments and default/workout situations." Accordingly, that litigation hold covered all documents potentially relevant to this dispute. Additionally, Athena's Record Retention Policy requires that any records that pertain to potential litigation or active litigation "shall not be discarded or destroyed without the written approval of the General Counsel."

5. Since prior to Yieldstreet's acquisition of Athena in April 2019, Athena used Global Relay to archive all of Athena's e-mails. Following Athena's sale to Yieldstreet, all emails were archived using Smarsh. Furthermore, no data is subject to automatic deletion from Athena's document management system.

6. In addition, as a business practice and even in the absence of litigation, Athena maintains documents regarding the underwriting of its secured financings, its business relationships with borrowers, and all secured collateral – simply to run the business and safeguard its secured interests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2022 in New York, New York

_____
Rebecca L. Fine