

Christine V. Sama
(646) 361-1001
CSama@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

September 13, 2023

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10007

Re:   *Athena Art Finance Corp. v. that Certain Artwork By Jean-Michel Basquiat Entitled Humidity, 1982, in Rem*, No. 20-cv-4669 (GBD) (VF); Letter Regarding Sealing

Dear Judge Figueredo :

We represent Plaintiff and Intervenor-Defendant Athena Art Finance Corp. ("Athena") in the above-referenced matter and write respectfully in furtherance to the September 08, 2023 correspondences of Interested Parties Delahunty Limited ("Delahunty") (Dkt. No. 195, the "Delahunty Letter") and Satfinance Investment Limited ("SIL") (Dkt. No. 193, the "SIL Letter") (together, the "Interested Parties" and "Letters"), regarding the sealing of the below exhibits (the "Exhibits") filed by the Interested Parties in connection to their respective declarations and oppositions to motions for summary judgment (each respective submission, the "Opposition Papers"):

| DKT. NUMBER | DESCRIPTION | BATES STAMP, IF APPLICABLE |
|---|---|---|
| 203-1 | Excerpts from the deposition transcript of C. Sachs, dated January 6, 2023. | N/A |
| 201-1 | Excerpts from the deposition transcript of C. Sachs, dated January 6, 2023. | N/A |
| 201-2 | Excerpts from the deposition transcript of G. Danese, dated July 8, 2021. | N/A |

Hon. Valerie Figueredo
Page 2

| 201-3 | Expert report submitted by Michael Plummer, dated February 23, 2023 | N/A |
|---|---|---|
| 201-4 | Email from I. Philbrick to G. Danese, dated July 11, 2016 | Athena_00056731–00056734 |
| 201-5 | Email from G. Danese to G. Trimarchi et al., dated July 13, 2016 | Athena_00057039–00057041 |
| 201-6 | Email from R. Newland to G. Danese, dated January 11, 2017 | Athena_00038415–00038420 |
| 201-7 | Alleged financial record connected to Inigo Philbrick Ltd. | Athena_Production_UNREDACTED_001647–001650 |
| 201-8 | Email from G. Danese to R. Newland, dated March 7, 2017 | Athena_00043113–00043118 |

Athena respectfully submits this letter to assert that the Exhibits above are permitted to be sealed without this Court's prior permission under paragraph I(D)(i) of the Individual Rules and Practices of Judge George B. Daniels on the basis that they contain "sensitive information" and "proprietary or trade secret information," read in conjunction with paragraph I(g) of your Honor's Individual Practices in Civil Cases. Athena also submits that the Exhibits may otherwise be appropriately sealed for the reasons described below.

Athena seeks sealing of only an additional nine of the dozens of exhibits filed by the parties in connection with their Opposition Papers, together with the exhibits filed with their original moving papers numbering well over a hundred documents:

- The first three documents (Dkt. Nos. 203-1, 201-1, 201-2) are excerpted testimony from former Athena C-suite officers discussing highly sensitive conversations and strategies related to Athena's internal business practices and lending strategies. For example, the deposition of C. Sachs, designated as confidential, is presented as 30(b)(6) witness testimony on behalf of Athena, testifying to specific and highly confidential considerations and acts Athena would take in connection with their secured lending practices. This testimony reveals sensitive and proprietary trade secrets.

- The remaining five documents (Dkt. Nos. 201-4, 201-5, 201-6, 201-7, 201-8) are emails and records describing highly sensitive communications and practices dealing with Athena's secured lending business. This includes borrower financial information, alleged bank documents, and Athena's loan structuring practices and considerations. All of these are highly sensitive information or proprietary trade secrets related to Athena's business.

- The Exhibits include an expert report (Dkt. No. 201-3), which purports to opine on Athena's lending practices and related communications as set forth in the documents above, and cites extensively to those documents already sealed as part of the Court's prior order. (*See* Order Granting Letter Motion to Seal, Dkt. No. 186.)

Public disclosure of these Exhibits will harm Athena by providing highly confidential, proprietary and trade secret information to Athena's art lending competitors, which include auction houses such as Sotheby's Financial Services and Christie's Art Finance, as well as numerous non-bank art lenders, in a highly competitive market. It would also be harmful to Athena's business by making public its loan underwriting framework, developed over many years, at great expense. The Exhibits listed above include examples Athena's underwriting and due diligence practices, the communications related to the collection and review of proprietary diligence materials (including forms drafted by Athena), along with the sensitive and confidential collected borrower information, all of which inform Athena's decisions whether to extend loans.

Although there is a presumption of public access to judicial documents, that presumption may be overcome if "sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). The Court must determine the extent to which the presumption applies based on the "role of the material at issue." Id. at 119. Courts in this District recognize that "the presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret." JMG Improvements, Inc. v. Arch Specialty Insurance Co., 20 Civ. 2882, 2021 WL 3173022, at *3 (S.D.N.Y. July 26, 2021) (sealing excerpts of an insurance claim manual); See also Rowe v. Google LLC, 19 Civ. 8655, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) ("the risk of competitive harm outweighed the public right of access" where the redacted information comprised of "strategic business initiatives" and client identities were "unnecessary to adjudicate" summary judgment arguments). Additionally, Courts in this district have recognized the need to redact non-public, otherwise undisclosed personal information of clients, particularly where such information is not at issue in the dispute. See KeyBank Nat'l Ass'n. v. Element Transportation LLC, 16 Civ. 8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (permitting redactions of "narrowly tailored" and "irrelevant nonparty financial information" of borrowers); Cohen v. Gerson Lehrman Group, Inc., 09 Civ. 4352, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (permitting redactions of narrowly tailored client information, along with phone numbers and addresses not disputed in the case).

Here, sealing is warranted on both bases. First, the portions of the Exhibits Athena seeks to redact are examples of Athena's proprietary lending strategies in action, including documents that Athena relies upon to extend loans to prospective borrowers, the documents reviewed in connection to Athena's proprietary lending strategies, and the internal considerations and weight that Athena attributes to them.

The assessment methodologies, documents, and related communications used by Athena are valuable, proprietary trade secret information that have never been made available outside of Athena except to prospective borrowers. Their public disclosure would cause direct harm to Athena. See JMG Improvements, Inc., 2021 WL 3173022, at *3 (sealing insurance claim manual not available outside of the company and created with "substantial expense"); Rubik's Brand Limited v. Flambeau, Inc., 7-CV-6559, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (redacting confidential product and marketing information); Playtex Products, LLC v. Munchkin, Inc., 14-cv-1308, 2016 WL 12776450, at *11 (S.D.N.Y. Mar. 29, 2016) (redacting based on the privacy interests and harm relating to disclosure of "'highly proprietary material'").

Second, portions of the Exhibits Athena seeks to seal also contain personal identifiable borrower information—such as borrower's passport information, addresses, and other identifying information otherwise irrelevant to the outcome of the case—that should not be subject to public disclosure. See KeyBank Nat'l Ass'n., 2017 WL 384875, at *3 (finding irrelevant borrower information redactable over the presumption of disclosure).

Third, none of the information Athena seeks to seal will result in excessive redactions to the Opposition Papers or other materials filed by the Interested Parties in this case. This is not a situation where the sealing of select documents will result in the sort of heavily-redacted and meaningless briefing that would deprive any interested member of the public in the ability to deeply understand the case before the Court. Indeed, the requested sealing will not obscure *any* of the legal claims or underlying factual allegations and circumstances, nor would it in any way require the shield the parties to the dispute or the economic stakes. Sealing these Exhibits will not adversely affect, or even disrupt, the parties legal documents. Put simply, filing these Exhibits will not substantially limit the public's ability and right to fully monitor this litigation, therefore serving both Athena's protected interest and the underlying policy.

In light of the forgoing, Athena respectfully submits that sealing pursuant to Delahunty and SIL's Letters, respectively, is warranted in accordance with paragraph (I)(D)(i) of the Individual Rules and Practices of the Honorable George B. Daniels, and the applicable laws and policies. Athena further submits that such sealing is warranted per paragraph I(g) of your Honor's Individual Practices in Civil Cases. Should the Court consider that any limited portion of the Exhibits should be unsealed, Athena respectfully requests permission to provide proposed redacted versions of the Exhibits to the Court, under seal, for its review and further determination.

We thank the Court for its attention to this matter.

                                                  Respectfully,

                                                  */s/ Christine V. Sama*
                                                  Christine V. Sama
                                                  **GOODWIN PROCTER LLP**
                                                  The New York Times Building
                                                  620 Eighth Avenue
                                                  New York, NY 10018
                                                  (646) 361-1001

cc: Counsel of record via ECF               csama@goodwinlaw.com



**Application Granted**

Valerie Figueredo, U.S.M.J.

DATED: September 19, 2023

Athena's application to seal specific exhibits (identified at ECF No. 214) is granted, except as to the excerpts of the transcript filed at ECF No. 203-1. As to the exhibit at ECF No. 203-1, Athena has not shown that the transcript contains sensitive and proprietary trade secrets, or other information the disclosure of which would result in a serious injury. The Court reviewed the two transcript pages at ECF No. 203-1 and the pages discuss what appears to be information of general knowledge in the art and lending industry.

At ECF No. 215, Delahunty opposes the filing under seal of two additional documents: the Counterstatement to Athena's Rule 56.1 Statement of Undisputed Facts (ECF No. 199) and the Memorandum of Law in Opposition to Athena's Motion for Summary Judgment (ECF No. 197). Those documents do not appear to have been discussed by Athena in its letter at ECF No. 214. Athena is directed to clarify for the Court whether it seeks permission to seal the entirety of those documents at ECF Nos. 197 and 199, or whether Athena seeks to file those documents publicly with limited redactions. The Clerk of Court is respectfully directed to maintain ECF Nos. 201-1 through 201-8 under seal and keep the documents restricted to court users and the applicable party. The Clerk of Court is respectfully directed to unseal ECF No. 203-1. Lastly, the Clerk of Court is respectfully directed to terminate the motion at ECF No. 214.