

February 14, 2024

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10007

>    Re:   *Athena Art Finance Corp. v. Certain Artwork by Jean-Michel Basquiat, In Rem*
>          Case 1:20-cv-04669 (GBD) (VF)

Dear Judge Figueredo,

We write on behalf of Intervenor-Plaintiff Satfinance Investment Limited ("SIL") in brief response to the sur-reply letter from Athena (Dkt. No. 248) in further opposition to SIL's summary-judgment motion (Dkt. No. 175) seeking a declaration of "full title" to the Painting at the center of this dispute and the dismissal of Athena's competing title claim.

The arguments raised by Athena have absolutely no bearing on SIL's summary-judgment motion, arguing that as a matter of law based on the undisputed record, SIL holds full title to *Humidity*—and that Athena holds none. SIL acquired "full title" to the Painting in 2016 based on (i) the undisputed terms of SIL's agreement with IPL; and (ii) SIL's $12.2 million payment to IPL resulting in title transfer. Athena, in contrast, never later acquired title to that same Painting because its April 2017 loan to Boxwood—the offshore entity wholly owned and controlled by confessed fraudster Inigo Philbrick—could not and did not create rights in *Humidity* that Boxwood never had and could not pledge.

Contrary to Athena's refrain, SIL did *not* move for summary judgment on its separate claim, which SIL believes is not ripe for summary judgment, that SIL also holds a 97.6% beneficial ownership interest in the artwork. Athena seeks to blur the fundamental distinction between legal title and beneficial ownership by erroneously contending that questions as to the appropriate allocation of beneficial ownership somehow undermine the separate (and, here, clear-cut) conclusion as to who holds legal title. *See, e.g.*, Dkt. No. 248 at 2 (accusing SIL of "oscillat[ing] between 'full title,' '66% ownership' and '97.6% ownership'").) But SIL has been consistent throughout this litigation that it obtained full title *and* a 97.6% beneficial ownership interest in *Humidity*. That Delahunty advocates for a different allocation of beneficial ownership in no way suggests that SIL is "reinvent[ing] this case," "shifting" its claims, or "oscillat[ing]" among different positions. (*Id.* at 1, 2; *see* Dkt. No. 247 at 3 (Delahunty arguing that SIL obtained a "66% contract right").) In any event, regardless of how beneficial ownership may be divided between SIL and Delahunty, in all cases Athena is out of Court, having raised no genuine issue of material fact as to whether its purported security interest ever attached to *Humidity*, where Athena's ostensible borrower never had title in the artwork to validly pledge.

      The arguments raised by the parties around SIL's constructive trust claim have no bearing on SIL's motion—which, notably, makes no mention of constructive trust.[1] SIL only raised the issue for the first time in its opposition papers (Dkt. No. 204) to respond to arguments made by Delahunty in its summary-judgment motion (Dkt. No. 170) that the Court should decide the beneficial ownership allocation *now*. Whatever questions may exist on that issue, however, they are wholly separate from the only issue on SIL's motion—which, as even Delahunty agrees—is that SIL holds full title and Athena has no colorable title claim.

      For these reasons, SIL respectfully submits that the Court should grant SIL's motion, and deny Athena's, without broaching the merits of any of the constructive-trust arguments made in the flurry of reply and sur-reply papers.

Respectfully submitted,

*/s/ Judd B. Grossman*

Judd B. Grossman

---

[1] As to the merits contention that a valid contract between SIL and IPL is fatal to SIL's constructive trust claim, suffice it to reiterate that not one of the cases cited by Delahunty or Athena involves a contract induced by fraud, as indisputably was the case here. *See, e.g.*, *In re First Cent. Fin. Corp.*, 377 F.3d 209, 215–18 (2d Cir. 2004) (repeatedly distinguishing its fact pattern from scenarios involving "willful breach," "bad faith or malfeasance," or "fraud or other misconduct"); *see also, e.g.*, *Lee v. Kylin Mgmt. LLC*, 2019 WL 917097, at *2 (S.D.N.Y. Feb. 25, 2019) (Furman, J.) (squarely holding that the correct view is that a written contract does not necessarily preclude a finding of equitable relief).