UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATHENA ART FINANCE CORP., <br><br> *Plaintiff,* <br><br> -against- <br><br> that <br><br> CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *in Rem*, <br><br><br> *Defendants.* <br><br> SATFINANCE INVESTMENT LIMITED and DELAHUNTY LIMITED d/b/a DELAHUNTY FINE ART, <br><br> *Interested Parties.* | 20-CV-04669 (GBD) (VF) <br><br> **ORDER** |
| SATFINANCE INVESTMENT LIMITED <br><br> *Intervenor-Plaintiff,* <br><br> -against- <br><br> ATHENA ART FINANCE CORP. and that CERTAIN ARTWORK BY JEAN-MICHEL BASQUIAT ENTITLED HUMIDITY, 1982, *in Rem*, <br><br> *Intervenor-Defendants.* | |

**VALERIE FIGUEREDO, United States Magistrate Judge**

Before the Court, are six outstanding letter motions to seal. See ECF Nos. 193, 195, 207, 220, 241, and 244.

**Satfinance's Motion (ECF No. 193)**

Intervenor-Plaintiff Satfinance Investment Limited ("Satfinance") seeks leave to file under seal three sets of documents. Satfinance makes this application because Plaintiff Athena

1

Art Finance Corp. ("Athena") declined to de-designate these documents as confidential and/or the documents discuss documents that Athena has declined to de-designate as confidential.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) (citation and internal quotation marks omitted); see also Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). "[B]road citations to [a] Protective Order do not satisfy Lugosch and are, in any event, insufficient to overcome the presumption of access as the 'mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable.'" Tromblee v. N.Y., No. 19-CV-00638 (BKS) (CFH), 2022 WL 17266979, at *4 (N.D.N.Y. Nov. 29, 2022) (quoting Lugosch, 435 F.3d at 126) (alteration in original); see also Doe v. U.S. Immigr. & Customs Enf't, No. 19-CV-8892, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021) ("[T]hat a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document.") (citation and internal quotation marks omitted).

Without more, Satfinance has therefore "not addressed the weight of the presumption or identified reasons that weigh against disclosure—other than in the most cursory fashion with citation to the Protective Order, which is insufficient to justify sealing." Tromblee, 2022 WL 17266979, at *4. However, many of the documents Satfinance seeks to file under seal have previously been sealed in this action, following an adequate showing under Lugosch. Therefore,

where the Court has previously granted a request to seal a document, the document will remain under seal pursuant to the Court's prior order.

The first batch of documents that Satfinance seeks leave to file under seal (documents produced by Athena under an "Attorneys' Eyes Only" designation with Bates ranges (a) Athena_00038415–20; (b) Athena_00043113–18; (c) Athena_00056731–34; (d) Athena_00057039–41; and (e) Athena_Production_UNREDACTED_001647–50) have previously been sealed by the Court. See ECF No. 216. The documents will therefore remain under seal.

Next, Satfinance seeks leave to file under seal excerpts from the deposition transcripts of Athena's 30(b)(6) witness, Cynthia Sachs, and of Athena's former CEO, Andrea Danese. The Court previously granted a request to seal certain portions of Sachs' deposition filed at ECF No. 201-1, but denied a request to seal other portions of the deposition filed at ECF No. 203-1. See ECF No. 216. Satfinance's request to seal portions of Sachs' deposition is therefore granted only as it relates to the excerpts at ECF No. 201-1, and the request is otherwise denied. The Court has also previously granted a request to seal certain portions of Danese's deposition. See ECF No. 216. Satfinance does not specify which excerpts of Danese's deposition seeks to file under seal here. See ECF No. 193. Satfinance's request to seal portions of Danese's deposition is granted only as to excerpts previously sealed at ECF No. 201-2. Lastly, the Court already granted a request to file the February 23, 2023 Expert Report of Michael Plummer under seal. See ECF No. 216. Thus, the report can remain under seal.

The second set of documents Satfinance seeks leave to file under seal are documents submitted in connection with the pending motion for summary judgment—its Memorandum of Law in Opposition to Athena's Motion for Summary Judgment and in Partial Opposition to

Interested Party Delahunty Limited Motion for Summary Judgment (the "Opposition Brief"); and (2) its response Rule 56.1 Counterstatement to Delahunty's Statement of Undisputed Material Facts (the "56.1 Response"). Satfinance states that the Opposition Brief and the 56.1 Response discuss, restate, and respond to documents previously filed under seal in this action at ECF No. 186. Satfinance is therefore permitted to file versions of the Opposition Brief and the 56.1 Response with redactions where the documents discuss, restate, and respond to documents previously filed under seal in this action at ECF No. 186.

**Delahunty's Motion (ECF No. 195)**

Interested Party and Counterclaim Plaintiff Delahunty Limited seeks leave to file under seal (1) excerpts of the Sachs' deposition; (2) its Memorandum of Law in Opposition to Athena's Motion for Summary Judgment; and (3) its Rule 56.1 Counterstatement to Athena's Statement of Undisputed Material Facts. Like Satfinance, Delahunty states that it makes this application because Athena has declined to de-designate the excerpts of Sachs' deposition as confidential and its filings in connection with the pending summary judgment motion reference and disclose those excerpts. As explained above, broad citations to a protective order are insufficient to make a showing under Lugosch. But, as also explained, the Court has previously granted a request to seal excerpts of Sachs' deposition filed at ECF No. 201-1. Therefore, those excerpts of Sachs' deposition at ECF No. 201-1 remain under seal. To the extent the motion seek to seal other excerpts of Sachs' deposition, the motion is denied.

**Athena's Motions (ECF Nos. 207, 220, and 244)**

Athena seeks leave to file under seal: (1) the February 23, 2023 Expert Report and Disclosure of Dave Katz; (2) the March 30, 2023 Rebuttal Expert Report of David Katz; (3) the April 7, 2017 emails between C. Sachs and I. Philibrick; and (4) transcript pages from the Deposition of Michael Plummer. Athena asserts that all of these documents contain highly

4

sensitive, non-public information regarding Athena's confidential underwriting and due diligence practices, disclosure of which would harm Athena by providing such information to Athena's competitors.

Courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information. See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc., No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); Gracyzk v. Verizon Commc'ns, Inc., No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases). Athena has articulated a legitimate business interest that outweighs the public's interest in disclosure of the sealed material. As such, the requests are granted.

Athena also seeks leave to file under seal the February 23, 2023 Expert Report of Michael Plummer and a redline version of the same report. As discussed, the Court has previously granted a request to seal this expert report. And lastly, Athena seeks leave to file under seal portions of its Reply Brief to Satfinance's Opposition to Athena's Motion for Summary Judgment that quote and/or summarize the expert reports discussed above. That request is also granted.[1]

The parties are directed to remove the viewing restrictions on any documents for which the sealing applications were denied and/or remove redactions to documents that reference

---

[1] In its motion at ECF No. 241, Satfinance seeks leave to file under seal many of the same documents that Athena does (the Michael Plummer and Dave Katz expert reports; the redline version of Michael Plummer's report; the expert rebuttal report of Dave Katz; and excerpts of Michael Plummer's deposition). Satfinance requests that these documents be filed under seal because Athena declined to de-designate them as confidential, which, again, is not a sufficient showing under Lugosch. However, the Court is permitting the documents to be filed under seal in light of Athena's application at ECF Nos. 207, 220, and 244.

documents for which the sealing applications were denied. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 193, 195, 207, 220, 241, and 244.

**SO ORDERED.**

DATED:   New York, New York
         March 20, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge