**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ATHENA ART FINANCE CORP.,                                  :

                *Plaintiff,*                               :

           -against-                                :

that CERTAIN ARTWORK BY JEAN-                              :
MICHEL BASQUIAT ENTITLED HUMIDITY,
1982, *in Rem*,

              *Defendant,*

SATFINANCE INVESTMENT LIMITED and
DELAHUNTY LIMITED d/b/a DELAHUNTY
FINE ART,

            *Interested Parties.*

------------------------------------------------------------------

SATFINANCE INVESTMENT LIMITED,

           *Intervenor-Plaintiff,*

          -against-

ATHENA ART FINANCE CORP. and that
CERTAIN ARTWORK BY JEAN-MICHEL
BASQUIAT ENTITLED HUMIDITY, 1982, *in
Rem*,

          *Intervenor-Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION AND ORDER

Case No. 20-cv-4669 (GBD) (VF)

GEORGE B. DANIELS, United States District Judge:

Before this Court is Plaintiff and Intervenor-Defendant Athena Art Finance Corp. ("Athena")'s motion for reconsideration. Athena moves this Court to consider two arguments: first, that any set-aside of the Inigo Philbrick Limited ("IPL") to 18 Boxwood Green Limited ("Boxwood") transfer ("IPL-Boxwood transaction") must be limited under New York Debtor &

Creditor Law ("NYDCL") § 278 to the extent of Intervenor and Interested Party Satfinance Investment Limited ("Satfinance") and Defendant Delahunty Limited ("Delahunty")'s interests; and second, that Athena is an innocent purchaser for value under NYDCL § 278. (Memorandum In Support, (Def. Mot.), ECF No. 290 at 2.) Athena's motion is DENIED.

## I.   BACKGROUND[1]

Magistrate Judge Valerie Figueredo issued a Report and Recommendation on October 2, 2024, recommending that this Court grant Satfinance's Motion for Summary Judgment, partially grant Delahunty's Motion for Summary Judgment, and deny Athena's Motion for Summary Judgment. (Report and Recommendation "Report", ECF No. 259.) Athena objected to the Report on October 30, 2024. (ECF No. 262.) Athena argued in its objection that the IPL-Boxwood transaction should be set aside only partially, to the extent necessary to satisfy Satfinance and Delahunty's interests in the painting. (*Id.* at 13-14.) Athena also argued that it was an innocent purchaser and was therefore protected from a fraudulent conveyance claim under NYDCL § 278. (*Id.* at 23.) Satfinance and Delahunty both opposed Athena's objections to the Report and Recommendation. (ECF Nos. 265, 266.)

In accordance with the Report and Recommendation, this Court granted summary judgment for Satfinance and Delahunty on May 29, 2025, concluding, *inter alia*, that Satfinance has full legal title in the painting, that Athena has no rights or interest in the painting, and that Athena waived its two NYDCL § 278 arguments. (Memorandum Decision and Order, ECF No. 283 at 9, 18, 19.) This Court determined that Athena waived its argument that the conveyance should be set aside only partially. (*Id.* at 18.) Athena pointed to no direct statement to Judge Figueredo that the IPL-Boxwood transaction could or should be set aside only partially to protect

---

[1] This Court presumes the parties' familiarity with the factual and procedural background of this case and only the facts relevant to the instant motions are recounted herein.

any remaining interests of Athena. (*Id.*) Rather, Athena only argued against setting aside the transaction in its entirety. (*Id.*) Further, this Court determined that Athena waived the innocent-purchaser argument because it did not raise it in any briefing or oral argument in front of Judge Figueredo. (*Id.*)

Athena now moves this Court to reconsider these two portions of the summary judgment decision. (Def. Mot., ECF No. 290 at 1.) Athena argues that it did not forfeit its partial set-aside argument because it sufficiently raised arguments that "teed up" the partial set-aside argument in its briefing. (*Id.* at 4-5.) Athena also argues that it did not forfeit its innocent-purchaser argument because its references to innocent-purchaser provisions were not limited to arguments about Boxwood. (*Id.* at 6-7.) In response, Satfinance maintains that Athena does not point to any overlooked evidence or intervening law that would warrant reconsideration. (Memorandum in Opposition, ECF No. 293 at 2.) Delahunty agrees with and adopts the arguments in Satfinance's opposition to Athena's motion for reconsideration. (ECF No. 294.)

## II.    LEGAL STANDARDS

A party seeking reconsideration must set forth concisely the "matters or controlling decisions which counsel believes the court has overlooked." *Mahadeo v. N.Y.C. Campaign Fin. Bd.*, 514 F. App'x 53, 55 (2d Cir. 2013) (quoting LOC. CIV. R. 6.3). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Degrafinreid v. Ricks*,

3

417 F. Supp. 2d 403, 409 (S.D.N.Y. 2006), *on reconsideration*, 452 F. Supp. 2d 328 (S.D.N.Y. 2006).

### III.   ATHENA'S MOTION FOR RECONSIDERATION IS DENIED

#### 1.   Athena Forfeited its "Partial Set-Aside" Argument

Athena cannot raise a "partial set-aside" argument for the first time on a motion for reconsideration. In a motion for reconsideration, parties are "barred from making for the first time . . . an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." *Navigators Ins. Co. v. Goyard, Inc.,* 623 F. Supp. 3d 220, 222 (S.D.N.Y. 2022).

Here, Athena claims it raised a partial set-aside argument that this Court ignored. It points to a few references hidden in briefings and transcripts. (Def. Mot. at 4-6.) None of the references, however, advance a partial set-aside theory. For example, Athena cites a footnote in a previous brief, claiming the footnote reflects an argument that "Delahunty's remedy cannot exceed "the 12.5% ownership it claims." (*Id.* at 5.) Athena asserts that this sentence shows Athena arguing for a partial set-aside. (*Id.*) In context, however, Athena was not arguing that Delahunty's remedy was substantively capped at 12.5%. Rather, as Athena conceded, the limitation it argues for on Delahunty's entitlement is based on a lack of legal basis, not a partial set-aside of the transfer. (*Id.*) ("Delahunty did not 'provide any legal basis upon which the Court could award it more than the 12.5% ownership it claims'".) This section challenges the existence of any legal entitlement to broader relief; it does not propose a partial set-aside of the IPL-Boxwood transfer. Read in context, therefore, Athena did not advance a partial set-aside theory at all. As the remainder of Athena's examples reflect similar mischaracterizations, its partial set-aside theory is newly raised and thus improper for reconsideration.

## 2. Athena Forfeited its "Innocent Purchaser" Argument

Athena asserts that this Court failed to consider its argument that it was an "innocent purchaser." However, Athena failed to raise its innocent-purchaser argument before the instant motion. In contending otherwise, Athena cites several passages of its briefing addressing Boxwood's good faith and innocent-purchaser status, not Athena's. For example, Athena relies on a single line from a June 25, 2024, hearing in which counsel said it would address "things like good-faith purchaser for value." (*Id.* at 6-8.) Athena claims this supports its argument that it is an innocent purchaser. (*Id.*) Athena's selective references omit crucial context. In full, Athena's counsel stated before Judge Figueredo:

> But regardless, if we have anything – if Boxwood had any rights in the collateral, it was perfected and it was prioritized under the U.C.C., then we get to sell it. Then they need to prove that they actually had a contract with this fraudster and that they weren't in partnership with the fraudster and they're not bound to it. And then we can get to things like good-faith purchaser for value.

(Transcript, ECF No. 257 at 85:11-19.)

Here, the referenced section does not support Athena's assertion that its briefing advanced Athena's innocent-purchaser status. (Def. Mot. at 6-8). For this Court to consider the "extraordinary relief" demanded by Athena, Athena must show a precise instance of its alternative argument being asserted. *See Allen v. Schiff*, 908 F. Supp. 2d 451, 468 (S.D.N.Y. 2012), *aff'd*, 586 F. App'x 759 (2d Cir. 2014) (demanding that motions to reconsider must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."). Indeed, on summary judgment, Athena devoted much discussion to six distinct arguments against the fraudulent conveyance claim. (ECF No. 206 at 12–20.) Its innocent-purchaser argument was not among them. Because Athena's

briefing does not support its contention that its innocent-purchaser argument was asserted, its claims do not merit reconsideration.

### 3. There Is No Compelling Justification for this Court to Consider Athena's Untimely Arguments.

Athena's request that this Court reach the merits of its section 278 arguments notwithstanding their untimeliness is unavailing. On reconsideration, courts do not entertain belated arguments without a compelling justification. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Reconsideration is limited to circumstances involving an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Id.*

Here, Athena does not point to any change of law, newly available evidence, or clear error that would warrant the extraordinary relief it seeks. (Def. Mot. at 8-11.) Nowhere in Athena's briefing does Athena mention a new law that favors its argument. Instead, Athena points to NYDCL § 278, a law long available to Athena at the time of its prior briefing. Nor does Athena point to the availability of new evidence that would justify reconsideration. Lastly, Athena fails to demonstrate any clear error or manifest injustice, particularly where both arguments it now advances were not raised previously. *In re Johns-Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (holding that reconsideration is not warranted when a party had an opportunity to raise an argument earlier and lacked any legitimate excuse for failing to do so). Thus, Athena has failed to establish any proper basis for reconsideration.

Athena contends that this Court should reconsider its partial set-aside and innocent-purchaser arguments despite the deficiencies above, pointing to a six-factor test that some district courts in the Second Circuit purportedly use to determine if untimely arguments may be

6

considered. *See Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015). Athena argues that because these factors ostensibly favor it, this Court should exercise its discretion to consider its two arguments. (Def. Mot. at 8-9.) Here, however, Athena reads the law out of context. Courts applying this six-factor test do so in considering objections to a magistrate judge's report and recommendation before adoption—not on motions for reconsideration filed after adoption of a report and recommendation. *See Levy,* 103 F. Supp. 3d at 433 (stating that some courts use the six-factor test when "a party . . . raise[s] a new legal argument . . . for the first time in objections to [a magistrate judge's report and recommendation] . . ."). Athena has, therefore, not presented any proper basis for this Court to reconsider its arguments.

## IV.    CONCLUSION

Athena has failed to demonstrate the extraordinary circumstances necessary to warrant reconsideration under Local Rule 6.3. Accordingly, its motion for reconsideration is DENIED. The Clerk of Court is directed to close the motion at ECF No. 289.

Dated:  **FEB 0 5 2026**
New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE