**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ATHENA ART FINANCE CORP.,

    *Plaintiff,*

   -against-

that CERTAIN ARTWORK BY JEAN-
MICHEL BASQUIAT ENTITLED HUMIDITY,
1982, *in Rem,*

    *Defendant,*

SATFINANCE INVESTMENT LIMITED and
DELAHUNTY LIMITED d/b/a DELAHUNTY
FINE ART,

    *Interested Parties.*

----------------------------------------------------------------

SATFINANCE INVESTMENT LIMITED,

    *Intervenor-Plaintiff,*

   -against-

ATHENA ART FINANCE CORP. and that
CERTAIN ARTWORK BY JEAN-MICHEL
BASQUIAT ENTITLED HUMIDITY, 1982, *in
Rem,*

    *Intervenor-Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:
:

**MEMORANDUM DECISION AND
ORDER**

Case No. 20-cv-4669 (GBD) (VF)

GEORGE B. DANIELS, United States District Judge:

Before this Court is Plaintiff and Intervenor-Defendant Athena Art Finance Corp.

("Athena")'s motion for a stay pending appeal. ("Motion", ECF No. 312.) Athena moves this

Court to stay its judgment and order requiring delivery of *Humidity* (1982), by Jean-Michel

Basquiat (the "Painting"), to Intervenor and Interested Party Satfinance Investment Limited

("Satfinance"). (*See* ECF No. 310.) Athena submitted a Memorandum of Law and Declaration in support of the Motion on March 17, 2026. ("Pl. Mem.", ECF Nos. 313, 314.) Satfinance submitted a Memorandum of Law in opposition to the Motion on April 1, 2026. ("Opp.", ECF No. 319.) Athena submitted a Reply Memorandum of Law on April 3, 2026. ("Reply", ECF No. 321). Athena's motion for a stay pending appeal is DENIED.

## I.    BACKGROUND[1]

This Court denied Athena's motion for reconsideration of its Summary Judgment decision and order (ECF No. 283) on February 5, 2026. (*See* ECF No. 297). Satfinance subsequently submitted a proposed Rule 54(b) final judgment and order on February 12, 2026. (ECF No. 298). Satfinance's proposed judgment sought a declaration that it holds full title to the Painting and that Athena has no rights or interest in the Painting, and an order for Athena to immediately deliver the Painting to Satfinance. (*Id.* at 2.)

Athena filed a motion for entry of final judgment under Rule 54(b) and proposed order on February 16, 2026. (ECF Nos. 301-303). Athena's proposed judgment sought a declaration that "Athena has no rights or interest in the Painting" and Satfinance "has full legal title to the [P]ainting," and argued that questions about possessory rights remain outstanding. (*Id.* at 2.) This Court entered judgment on March 13, 2026. (ECF No. 310.) The judgment declared and ordered as follows:

> (1) Satfinance has full legal title in and to the Painting, free and clear of any claims by Athena; and (2) Athena is hereby directed to make the Painting available for physical delivery to Satfinance no later than forty-five (45) days from the date of this judgment.
>
> (*Id.* at 3.)

---

[1] This Court presumes the parties' familiarity with the factual and procedural background of this case and only the facts relevant to the instant motion is recounted herein.

Athena filed, and amended, its Notice of Appeal from the judgment. (ECF Nos. 307, 311.) On March 17, 2026, Athena filed a motion and supporting papers seeking to stay the judgment pending appeal pursuant to Rule 62(h). (ECF Nos. 312-314.) Satfinance submitted a memorandum in opposition on April 1, 2026. (ECF No. 319.) Athena submitted a reply memorandum on April 3, 2026. (ECF No. 321).

## II.   LEGAL STANDARD

This court must consider four factors in deciding whether to stay a judgment pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These factors "contemplate individualized judgments in each case." *Id.* at 777. Additionally, an applicant's likelihood of success on the merits and a showing of irreparable injury absent a stay "are the most critical" of the four factors. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## III.   ATHENA'S MOTION FOR A STAY PENDING APPEAL IS DENIED

### 1. Athena has not successfully shown irreparable injury absent a stay.

Athena's alleged injuries absent a stay are not irreparable because they are speculative and remediable with monetary damages. A showing of irreparable injury "is perhaps the single most important prerequisite" in seeking a stay pending appeal. *Trump v. Vance*, 481 F.Supp.3d 161, 164 (S.D.N.Y. 2020) (quoting *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)). In order to demonstrate irreparable injury, "the movant must show 'an injury that is neither remote nor speculative, but actual and imminent and [that] cannot be remedied by an award of monetary damages.'" *Id.* (quoting *Estee Lauder Cos. v. Batra*, 430 F. Supp. 2d 158, 174 (S.D.N.Y 2006)).

3

The record reflects that Athena does not seek to retain indefinite possession of *Humidity* as a "unique and irreplaceable chattel," but rather to proceed "as a[ny] secured lender" would and sell the collateral in order to "collect" on its state court judgment in connection to Boxwood's loan default. (Pl. Mem. at 8, 13; ECF No. 1 NYSCEF Doc. 2 ¶¶ 4-5.) As Athena asserted in its brief to this Court opposing Intervenor-Plaintiff Satfinance's motion for a preliminary injunction:

> Athena is entitled to be repaid all outstanding interest and fees; the remaining proceeds (i.e., whatever equity of the borrower remains after loan repayment) either would be paid to the interested parties or forfeited to the United States subject to restitution claims of third-parties, and there is no guarantee that the Basquiat market will continue to climb or that a sale price achievable now could be achievable in the future.

(ECF No. 63, at 28.)

Athena proceeded to argue that should the court enter an injunction, Satfinance should be required to post a bond "of at least $10,000,000 to protect Athena". (*Id.*) Athena was able to suggest a dollar amount for bond based on a supposed "50% of the artwork value" rule and an "upcoming a[u]ction of a similar (smaller) Basquiat with an estimate of $31,000,000 - $41,000,000." (*Id.*)

Although the parties ultimately agreed to a stipulation and the preliminary injunction motion was terminated (ECF No. 75), Athena demonstrated it had an idea of what it thought *Humidity* was worth in dollars. Should Athena be injured in the absence of a stay pending appeal, it will only be to the extent of their contended security interest in the Painting, which is their "outstanding principal, accrued contractual interest and fees." (ECF No. 174 at 4 n.3.) Such an injury is remedied with an award of monetary damages and is therefore not irreparable. *See Tucker Anthony Realty Co. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (holding that an injury must be "one requiring a remedy of more than mere money damages" in order to be irreparable and that a "monetary loss will not suffice unless the movant provides evidence of damage that cannot be

4

rectified by financial compensation."); *see also Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96-cv-08414 (KMW), 2019 WL 2454094, at *3 (S.D.N.Y. June 12, 2019) ("Irreparable injury means the kind of injury for which money cannot compensate . . . and therefore a monetary loss will not suffice unless the movant provides evidence of damage that cannot be rectified by financial compensation").

Athena also contends that there would be "nothing to stop" Satfinance from moving the Painting overseas or selling it to a bona fide purchaser, thus extinguishing any interest Athena may still have in the Painting and causing irreparable damage. (Pl. Mem. at 15-16.) Athena further suggests that the Painting might somehow go missing, be stolen or improperly stored. (*Id.* at 11, 13.) These concerns are unsupported and speculative. Athena offers no facts to support its suggestion that Satfinance is either unable or unwilling to provide for the Painting's physical safety, security, maintenance, and insurance coverage. Further, as discussed above, the concerns and outcomes Athena speculates would be remediable with monetary damages. As such, they do not meet the bar for irreparable harm. *See Purdue Pharma L.P. v. Endo Pharmaceuticals Inc.*, No. 00-CV-08029 (SHS), 2004 WL 306591, at *2 (S.D.N.Y. Feb. 17, 2004) (a party's concerns which "appear[s] to be speculative at this point" do not support a showing of irreparable injury).

### 2. Athena has not made a strong showing of likelihood of success on the merits.

Because Athena has failed to demonstrate irreparable injury absent a stay, this Court "need not delve deeply into the likelihood of success factor, or the third and fourth factors." *See e.g. Gesualdi v. Laws Const. Corp.*, 759 F. Supp. 2d 432, 448 (S.D.N.Y. 2010), *aff'd in part, vacated in part and remanded on other grounds*, 485 F. App'x 450 (2d Cir. 2012). To be sure, however, Athena has also failed to show a likelihood of success on the merits. To demonstrate a "strong showing that it is likely to succeed on the merits," Athena must show "a substantial possibility,

although less than a likelihood, of success" on appeal. *Doe v. Trump Corp.*, No 18-CV-9936 (LGS), 2020 WL 2538400, at *2 (S.D.N.Y. May 18, 2020). Athena has not met this standard.

Athena has not shown a substantial possibility that the Second Circuit Court of Appeals is likely to reverse this Court's fraudulent conveyance holding. Athena misstates the basis of Satfinance's claim to creditor status. It argues that Satfinance was not a creditor of Inigo Philbrick Limited ("IPL") that was prejudiced by IPL's transfer of the Painting to Boxwood and is therefore ineligible for relief. (Pl. Mem. at 22.) This Court expressly declined to rest its summary judgment ruling on that theory. This Court held that Satfinance was already a creditor of IPL "in the most traditional sense of the term" and is thus considered a "creditor" under the fraudulent conveyance statute. (ECF No. 283 at 14.)

Second, Athena asserts that because IPL and Boxwood are alter egos, they can be treated as the same entity, allowing Athena to pierce the corporate veil to reach IPL's interest in the Painting. (Pl. Mem. at 24.) This argument is unavailing. This Court cited "ample caselaw demonstrating that alter-ego entities can participate in fraudulent conveyances with each other" in its summary judgment decision. (ECF No. 283 at 16.) Finally, Athena has waived the argument it attempts to renew now that this Court erred in setting aside the entirety of the IPL-Boxwood transaction. (Pl. Mem. at 25; *See Makhnevich v. Novick Edelstein Pomeratz PC*, No. 23-CV-202, 2024 WL 2207061, at *2 (2d Cir. May 16, 2024) (declining to consider purely legal arguments raised for the first time on appeal)).

Athena has also not shown a substantial possibility that the Second Circuit is likely to reverse this Court's judgment declaring Satfinance the title holder and ordering Athena to return the Painting. (ECF No. 283 at 9.) Athena offers no arguments in favor of its position that this Court erred in holding that Satfinance has full legal title to the Painting but rather continues its

"dogged insistence that this Court improperly resolved factual issues", assertions insufficient to warrant a stay. *See Millenium Pipeline Co. v. Certain Permanent & Temp.*, 812 F. Supp. 2d 273, 275 (W.D.N.Y. 2011). This Court has already thoroughly considered and rejected Athena's arguments regarding title to the Painting, and Athena offers nothing new here.

Athena's assertion that this Court was "procedurally limited to entering a declaratory judgment" only and therefore erred in ordering the Painting be delivered to Satfinance is unavailing. (*See* Pl. Mem. at 19.) Satfinance explicitly sought a declaratory judgment regarding both title and possession in the first claim of its Complaint-in-Intervention, which it then moved for summary judgment on. (ECF No. 30 at ¶79; ECF No. 175 at 2.) Satfinance's summary judgment submissions stated expressly and repeatedly that Satfinance sought such relief. (ECF No. 175 at 2; ECF No. 177 at 2, 15.) This Court granted Satfinance's motion for summary judgment without qualification. (ECF No. 283 at 19; *see also* ECF No. 259 at 38.)

Having determined that "Athena has no rights or interest in the Painting," this Court—as Athena admits—"resolve[d] the entirety of Athena's complaint in this case." (ECF No. 302 at 2.) This Court expressly determined that Satfinance alone is the full title holder entitled to physical possession (*See* ECF Nos. 8, 30, 175, 283) and granted Satfinance's declaratory judgment claims, as courts routinely do for claims articulated in terms parallel to Satfinance's. *See, e.g., United States v. Fireman's Fund Ins. Co.*, No. 99-cv-02622 (BSJ), 2001 WL 88226, at *6 (S.D.N.Y. Jan. 31, 2001) (entering declaratory judgment that one party was "entitled to ownership and possession of the painting"). Therefore, Athena has failed to demonstrate any kind of "substantial possibility" of success on its appeal. *Doe*, 2020 WL 2538400, at *2.

### 3. A stay may substantially injure Satfinance.

Satfinance has been prevented from "exercising any of its rights in th[e] Painting" over the past eight years. (Opp. at 15.) Athena has not provided any on-point authority to support that it is better equipped to "protect" the Painting. (*See* Pl. Mem. at 3.) Leaving the Painting in the possession of a party now adjudicated to have no interest in the Painting, a further deprivation of Satfinance's possession of the Painting, amounts to a substantial injury. *See Purdue Pharma L.P. v. Endo Pharms. Inc.*, No. 00-cv-08029 (SHS), 2004 WL 306591, at *2 (S.D.N.Y. Feb. 17, 2004) (the requirement of irreparable harm is applied "more stringently" after the case has been litigated to a judgment "because the propriety of injury has been judicially determined, and its imposition without further delay is surely more acceptable than prior to judgment."); *see also* N.Y. C.P.L.R. § 7109(b) (recognizing particularized harm that occurs when party is deprived of its unique chattel such as artwork).

Athena's continued possession of the Painting during the pendency of its appeal would directly contravene this Court's rulings on title and possession in favor of Satfinance and likely cause substantial injury by further unwarranted deprivation of Satfinance's property over a 12-to-24-month appeal timeline. *See Hirschfeld v. Board of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) (because the non-moving party "had a district court decision in his favor, he obviously would have been substantially injured" by the imposition of a stay).

### 4. The public interest does not support a stay.

Permitting Athena to retain possession of the Painting after it has been adjudicated to have no interest in it whatsoever, while Satfinance as holder of full title is deprived of its possession, would work against the public interest. Should Athena prevail on appeal, it will have full legal recourse to seek damages. Athena's retention of the Painting through the operation of a stay when

8

the aforementioned four factors weigh against it would not serve the public interest in protecting adjudicated property rights. *See e.g.*, *Levine v. B and R Acquisition Partners, LLC*, No. 24-CV-939 (MAD), 2024 WL 3829567 (N.D.N.Y. Aug. 15, 2024). The public interest is served by requiring parties like Athena to return property to their rightful owners, and to comply with court orders directing them to do so particularly where, as here, the order follows extensive litigation. The public interest, therefore, does not support a stay in this case.

## IV.    CONCLUSION

Athena has failed to make a strong showing of likelihood of success on the merits and irreparable injury absent a stay. Moreover, the record reflects that Satfinance may be substantially injured, and the public interest would not be served by the imposition of a stay. Accordingly, Athena's motion for a stay pending appeal is DENIED.

Although this Court denies Athena's motion, to ensure that any appellate review is not rendered ineffectual, Satfinance shall provide no fewer than 30 days' written notice to the Court and all parties prior to any sale, transfer, or other disposition of the Painting, subject to further agreement of the parties and order of the Court. The Clerk of Court is directed to close the motion at ECF No. 312.

Dated:    **APR 0 9 2026**
      New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

9